Leroy W. LOTT and Billie J. Lott, Appellants,

v.

HIDDEN VALLEY AIRPARK ASSOCIATION, INC.; R.B. Williams; Evelyn Williams; Cecil Wayne Northcutt, Jr.; and Charsla Northcutt, Appellees.

No. 2–01–183–CV.

Court of Appeals of Texas, Fort Worth.

June 21, 2001.

M.M. Simpson & Associates, Mabel M. Simpson, Richardson, for Appellants.

Donohoe, Jameson & Carroll, P.C., G. Roland Love, John A. Goren, Dallas, Kelsey, Kelsey, & Collister and Richard H. Kelsey, Denton, for Appellees.

Panel D: DAUPHINOT and HOLMAN, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION

PER CURIAM.

The trial court signed a final judgment in the underlying case on July 1, 1999. Appellants filed a notice of appeal on November 3, 1999. We dismissed the appeal for want of jurisdiction because the notice of appeal was untimely. *See Lott v. Williams*, No. 2–99–355–CV (Tex.App.— Fort Worth June 22, 2000, no pet.) (not designated for publication).

After we denied appellants' motion for rehearing, appellants filed a motion in the trial court seeking a determination of the date when they received notice of the July 1, 1999 judgment. *See* Tex.R. Civ. P. 306a(5). On April 24, 2001, the trial court signed an order finding that appellants had no notice of the July 1, 1999 judgment until April 17, 2000. Appellants filed a notice of appeal on May 24, 2001.

Both the Texas Rules of Civil Procedure and the Texas Rules of Appellate Proce- dure contain a savings provision for a party who does not receive notice of a final judgment. *See* Tex.R. Civ. P. 306a(4); Tex.R.App. P. 4.2(a)(1). Under both rules, if a party receives notice of a judgment more than twenty days, but less than ninety days, after the judgment is signed, any time periods that normally run from the signing of the judgment will instead run from the date that the party received notice of the signed judgment. Tex.R. Civ. P. 306a(4); Tex.R.App. P. 4.2(a)(1). Both rules also mandate that in no event shall the time periods begin more than ninety days after the judgment was signed. Tex.R. Civ. P. 306a(4); Tex.R.App. P. 4.2(a)(1).

Appellants contend that their notice of appeal, which appeals from the July 1, 1999 order, is timely because it was filed within 30 days of the trial court's April 24, 2001 order. They ignore the fact, however, that more than ninety days have passed since the July 1, 1999 judgment was signed.

Because appellants did not learn of the signed judgment within ninety days, the judgment was final and the trial court had no jurisdiction over subsequent proceedings. *See Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex.1994) (orig.proceeding); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex.1993). While this may seem like a harsh result, we note that appellants are not precluded from seeking relief through a bill of review. *See* Tex.R. Civ. P. 329b(f). Therefore, because we must follow the clear dictates of the rules of civil and appellate procedure, we hold that appellants failed to timely perfect their appeal, and we dismiss this appeal for want of jurisdiction.