**Darin ROSS and Wife, Kimberly Ross, Appellants,**

v.

**Benjamin GUERRA, M.D., Appellee.**

**No. 06–02–00091–CV.**

Court of Appeals of Texas, Texarkana.

Submitted July 31, 2002.

Decided Aug. 1, 2002.

---

David K. Wilson, David K. Wilson & Associates, Sherman, for appellant.

John Price, Fairchild, Price, Thomas, Haley & Willingham, L.L.P., Nacogdoches, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Darin Ross and his wife, Kimberly Ross, appeal the summary judgment granted in favor of Dr. Benjamin Guerra. The record shows the trial court granted summary judgment on March 11, 2002. The Rosses' deadline to file a notice of appeal was April 10, 2002. That deadline would have been June 10, 2002, if they had filed a timely (1) motion for new trial, (2) motion to modify the judgment, (3) motion to reinstate, or (4) request for findings of fact and conclusions of law in an appropriate case. *See* TEX.R.APP.P. 26.1(a); *see also* TEX.R.APP.P. 4.1(a) (if the last day of a period is on a Saturday, Sunday, or legal holiday, the period is extended to the end of the next day that is not a Saturday, Sunday, or legal holiday).

The notice of appeal was filed on June 24, 2002. No motion for new trial, motion to modify, or motion to reinstate was filed. The record shows the Rosses requested findings of fact and conclusions of law. However, an appellate court cannot consider findings of fact and conclusions of law in connection with a summary judgment. *Simmons v. Healthcare Ctrs. of Tex., Inc.,* 55 S.W.3d 674, 680 (Tex. App.—Texarkana 2001, no pet.). Therefore, a request for findings of fact and conclusions of law will not extend the period for filing a notice of appeal from a summary judgment. TEX.R.APP.P. 26.1(a)(4); *Linwood v. NCNB Tex.,* 885 S.W.2d 102, 103 (Tex.1994).

We notified the Rosses of this defect and gave them ten days in which to show cause why the appeal should not be dismissed for want of jurisdiction. *See* TEX.R.APP.P. 42.3(a). The Rosses have filed a motion to extend time in which to file the notice of appeal. In that motion, they aver that the attorney who was responsible for the case passed away on March 25, 2002. Before he died, the attorney left instructions with his staff to "file a Request for Findings of Fact and Conclusions of Law by March 29, 2002, ... Notice of Past Due Findings of Fact and Conclusions of Law ... [and the] Notice of Appeal ninety (90) days from the date ... [of] Request for Findings of Fact and Conclusions of Law." However, the Rosses admit that findings of fact and conclusions of law should not have been requested and that the notice of appeal was due on April 10, 2002.

In *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997), the Texas Supreme Court held, under the old Rules of Appellate Procedure, a motion for extension is implied when an appellant, acting in good faith, files an appeal bond after the time allowed by the rules, but still within the

time for filing a request for an extension. Courts since *Verburgt* have applied its reasoning under the revised Rules of Appellate Procedure, which eliminated appeal bonds. *Chilkewitz v. Winter,* 25 S.W.3d 382, 383 (Tex.App.—Fort Worth 2000, no pet.) (per curiam); *Indus. Servs. U.S.A., Inc. v. Am. Bank, N.A.,* 17 S.W.3d 358, 359 (Tex.App.—Corpus Christi 2000, no pet.) (per curiam); *Smith v. Houston Lighting & Power Co.,* 7 S.W.3d 287, 288 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Kidd v. Paxton,* 1 S.W.3d 309, 310 (Tex. App.—Amarillo 1999, pet. denied) (op. on reh'g).

This case does not present a situation in which we can imply a request for an extension, because the notice of appeal was filed over two months after it was due, well beyond the deadline under the rule for filing a request for an extension. *See* TEX. R.APP.P. 26.3. This Court is without jurisdiction over the appeal. The Rosses' motion to extend is overruled.

The appeal is dismissed for want of jurisdiction.