C. CHAMBERS ENTERPRISES,
INC. and Carolyn Chambers,
Individually, Appellants,

v.

6250 WESTPARK, LP, Appellee.

No. 14–02–00808–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 16, 2003.

Rehearing Overruled Feb. 27, 2003.

Jack C. Ogg, Houston, appellants.

John Karl Buche, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices HUDSON and FOWLER.

## OPINION ON REHEARING

PER CURIAM.

This is an attempted appeal from a final judgment signed March 28, 2002. Appellants filed a motion for new trial on April 26, 2002. Appellants' notice of appeal was not filed until August 2, 2002. Accordingly, this Court dismissed the appeal for want of jurisdiction because the notice of appeal was not filed timely. *See* TEX. R.APP. P. 26.1(a).

Appellants filed a motion for rehearing in which they assert that their motion for new trial filed on April 26, 2002, within thirty days of judgment, was a "bona fide attempt" to invoke this court's jurisdiction. *See Grand Prairie I.S.D. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991) (holding that a court of appeals

has jurisdiction over any appeal where appellant files an instrument in a bona fide attempt to invoke appellate court jurisdiction).

To support their argument, appellants rely on *In re M.A.H.*, 2002 WL 31319959, No. 10–02–234–CV, —— S.W.3d —— (Tex. App.-Waco, Oct. 16, 2002, no pet. h.). In *M.A.H.*, appellant attempted to appeal a judgment terminating her parental rights, but her notice of appeal was filed untimely.[1] Appellant had filed a motion for new trial and an affidavit of indigence within the fifteen-day extension period, however. *See* Tex.R.App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997) (holding motion for extension is implied if perfecting instrument is filed within fifteen days of its due date). The Waco court recognized that if appellant filed the motion for new trial or the indigence affidavit in a "bona fide attempt" to invoke appellate jurisdiction, then it would imply a motion for extension of time to perfect the appeal. *M.A.H.*, at *1–2, at —— –– ——. The court then ordered that the appeal would be dismissed for want of jurisdiction unless appellant filed a response showing a reasonable explanation for the late filing. *Id.* at *2, at ——.

Some support for the result in *M.A.H.* can be found in Texas Supreme Court precedent applying the former rules of appellate procedure. The *Verburgt* implied motion for extension was applied to an untimely affidavit of indigency filed in lieu of the cost bond formerly used to perfect appeals in *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex.1998). The court recognized that an affidavit in lieu of bond was an alternate method of perfecting an appeal. *Id.* Not so a motion for new trial. Accordingly, we decline to follow that portion of the *M.A.H.* holding that indicates a motion for new trial could be filed in a bona fide attempt to invoke appellate jurisdiction.

 We agree instead with the arguments raised in the dissenting opinion recognizing that "seldom, if ever, could a motion for new trial be intended to invoke our jurisdiction, because the express purpose of a motion for new trial is just that, to have the trial court order a new trial, not to obtain appellate review of the judgment." *In re M.A.H.*, No. 10–02–234–CV, 2002 WL 31319959, *2, —— S.W.3d ——, —— (Tex.App.-Waco, Oct.16, 2002, no pet. h.) (Gray, J., dissenting and concurring). To accept appellants' arguments in this case would obviate the necessity for filing a notice of appeal, making appeal automatic whenever a motion for new trial is filed, in direct contradiction of the spirit and plain meaning of the appellate rules. The rules contemplate additional time to file the notice of appeal when a motion for new trial is filed so that the trial court may have the opportunity to consider and rule on the motion *before* an appeal is commenced. *See* Tex.R.App. P. 26.1(a). Even where a motion for new trial is required to preserve an issue for appeal, the motion is construed as a prerequisite to an appeal, not an effort to invoke appellate jurisdiction. *M.A.H.*, at *2, at —— (Gray, J., concurring and dissenting); *see also* Tex.R. Civ. P. 324(b). We conclude appellants' motion for new trial did not invoke this Court's jurisdiction and their notice of appeal was filed too late to do so.

Accordingly, we overrule appellants' motion for rehearing.

---

1. Because the appeal of an order terminating parental rights is accelerated, the notice of appeal is due twenty days after the judgment is signed, and a motion for new trial does not extend the filing period. *See* Tex. Fam.Code Ann. § 109.002(a); Tex.R.App. P. 26.1(b).