MARY'S OPINION HEADING 



 NO. 12-03-00142-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 APPEAL FROM THE 349TH


IN THE INTEREST OF J.N.W.

AND F.W.,
§
 JUDICIAL DISTRICT COURT OF

CHILDREN


§
 ANDERSON COUNTY, TEXAS






 MEMORANDUM OPINION


 This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate
Procedure 42.3(a). The judgment was signed on January 17, 2003, and Appellant filed a motion for
new trial on February 6, 2003. Because the judgment relates to the termination of the parent-child
relationship, the appeal is accelerated. Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a) (Vernon
Supp. 2003). Under Texas Rule of Appellate Procedure 26.1(b) (1), the notice of appeal in an
accelerated appeal must be filed within twenty days after the judgment is signed. Furthermore, a
motion for new trial does not extend the time for filing a notice of appeal in a termination case. Tex.
Fam. Code Ann. 263.405(c). Therefore, Appellant's notice of appeal was due on February 6, 2003,
and his motion for new trial did not extend the filing deadline. Appellant filed a notice of appeal
on April 4, 2003. 

 On May 13, 2003, this court notified Appellant pursuant to rule 42.3(a) that his notice of
appeal was untimely and there was no timely motion for an extension of time to file same as
permitted by rule 26.3. Appellant was further informed that unless by May 23, 2003 the record was
amended to establish the jurisdiction of this court, the appeal would be dismissed. In response,
Appellant filed a motion to retain the appeal on the docket, which includes an explanation for
Appellant's untimely filing of his notice of appeal. 

 In his motion, Appellant first contends that rule 42.3 allows an appellate court, in the exercise
of its discretion, to retain a case on its docket if the appellant fails to comply with the requirements
of the rules, a court order, or a notice from the clerk requiring a response or action within a specified
time. However, the failure to timely file a notice of appeal is not merely a failure to comply with the
requirements of the rules. The time for filing a notice of appeal is jurisdictional. Tex. R. App. P.
25.1(b). Therefore, in the absence of a timely filed notice of appeal or extension request, we must
dismiss the appeal. Tex. R. App. P. 2, 25.1, 26.3.

 Appellant next urges that a court of appeals has jurisdiction over any appeal where the
appellant files an instrument in a bona fide attempt to invoke appellate court jurisdiction. Therefore,
Appellant's argument continues, his motion for new trial, filed in the trial court on the date the notice
of appeal was due, arguably can be considered to have invoked this court's jurisdiction. We
disagree. "[S]eldom, if ever, could a motion for new trial be intended to invoke our jurisdiction,
because the express purpose of a motion for new trial is just that, to have the trial court order a new
trial, not to obtain appellate review of the judgment." In re M.A.H., No. 10-02-234-CV, 2002 WL
31319959, at *2 (Tex. App.-Waco October 16, 2002, no pet. h.). Furthermore, to accept such an
argument "would obviate the necessity for filing a notice of appeal, making appeal automatic
whenever a motion for new trial is filed." C. Chambers Enterprises, Inc. v. 6250 Westpark, LP,
97 S.W.3d 333, 334 (Tex. App.-Houston [14th Dist.] 2003, pet. filed) (op. reh'g). This is contrary
to the spirit and the plain meaning of the rules of appellate procedure. Id.

 Finally, Appellant points out that one appellate court recently concluded it had jurisdiction
where the appellant did not timely file a notice of appeal in a termination case but provided a
reasonable explanation for the late filing. In re B.G., No. 10-02-00019-CV, 2002 WL 1339502
(Tex. App.-Waco June 19, 2002, order). However, the notice of appeal in that case was filed within
the period for filing a motion for extension of time. Tex. R. App. P. 26.3 (motion for extension of
time must be filed within fifteen days after deadline for filing notice of appeal). Consequently, the
court implied a motion for extension of time and declined to dismiss the appeal. In re B.G., 2002
WL 1339502, at *1. In the case at bar, the notice of appeal was filed fifty-seven days after the due
date. A motion for extension of time will be implied only where the notice of appeal is filed within
fifteen days after filing the notice of appeal. Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). 
Therefore, In re B.G. is inapposite.

 Appellant furnished a reasonable explanation for the untimely filing of his notice of appeal.
However, the notice of appeal was untimely, and we are not authorized to extend the time for
perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3. 
Furthermore, Appellant's motion for new trial did not invoke our jurisdiction. Therefore, we deny
Appellant's motion to retain the appeal on the docket and dismiss the appeal for want of jurisdiction. 
Tex. R. App. P. 42.3(a).


 JAMES T. WORTHEN 

 Chief Justice





Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.









(PUBLISH)



1. All rule references are to the current version of the Texas Rules of Appellate Procedure unless otherwise
indicated.