NUMBER 13-04-290-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

GLADINE LANE, NELL HARPER, ET AL.,                             Appellants,

v.

STEVE BURKETT, INDIVIDUALLY AND 
D/B/A BURKETT & ASSOCIATES, INC.,                                Appellee.
___________________________________________________________________

On appeal from the 214th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Castillo
Memorandum Opinion Per Curiam

         Gladine Lane, Nell Harper, et al., attempt to appeal a summary judgment
rendered against them and in favor of appellee, Steve Burkett, individually and d/b/a
Burkett & Associates, Inc. Pending before the Court is appellee’s motion to dismiss
the appeal on grounds that the notice of appeal was not timely filed. Through their
response, appellants contend that their notice of appeal was timely filed because they
filed a request for findings of fact and conclusions of law, thereby extending the
deadline to perfect appeal to within ninety days after the judgment was signed. 
         The record shows that the trial court granted summary judgment on February
17, 2004. Appellants filed their notice of appeal on May 14, 2004. 
         With certain exceptions, a party wishing to appeal a judgment must file its
notice of appeal within thirty days after the judgment is signed. See Tex. R. App.
26.1. A request for findings of fact and conclusions of law can extend this period of
time to ninety days “if findings and conclusions either are required by the Rules of Civil
Procedure or, if not required, could properly be considered by the appellate court.” Id.
26.1(a)(4); see IKB Ind. (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 443 (Tex.
1997). However, a request for findings of fact and conclusions of law will not extend
the time for perfecting an appeal from a judgment rendered as a matter of law, where
findings and conclusions have no purpose and should not be requested, made, or
considered on appeal. IKB Ind. (Nigeria) Ltd., 938 S.W.2d at 443. Because findings
of fact serve no purpose in a summary judgment proceeding, a request for findings of
fact will not extend the deadline for filing a notice of appeal from a case decided by
summary judgment. Id.; see Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex.
1994); Eddins v. Borders, 71 S.W.3d 368, 370 (Tex. App.–Tyler 2001, pet. denied). 
Accordingly, appellants’ request for findings of fact and conclusions of law did not
extend the appellate timetable. Therefore, the time for filing the notice of appeal
expired thirty days after the judgment was signed. See Tex. R. App. P. 26.1. 
         Appellants nevertheless contend that they made a bona fide attempt to invoke
this Court’s jurisdiction through their request for findings of fact, and direct the Court’s
attention to language therein that they “hereby inform the court of their intent to
appeal this order based on the Court’s failure to consider the points raised in their
response to defendant’s motion for summary judgment.” As an initial matter, we note
that the record on appeal neither contains a file-stamped copy of the request for
findings of fact nor does the docket sheet reflect that such a document was filed with
the trial court. Moreover, even if such document had been properly filed, we would
construe it as a prerequisite to appeal, not an effort to invoke appellate jurisdiction. 
See C. Chambers Ents., Inc. v. 6250 West Park L.P., 97 S.W.3d 333, 334 (Tex.
App.–Houston [14th Dist.] 2003, pet. denied). 
         Accordingly, appellee’s motion to dismiss the appeal is granted. This appeal is
dismissed for want of jurisdiction. See Tex. R. App. P. 42.3(a).
 
                                                                                 PER CURIAM
Memorandum Opinion delivered and 
filed this 29th day of July, 2004.