

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-429-CV

IN THE INTEREST OF A.N.C.,
T.C.E.C., JR., AND L.J.C.,
MINOR CHILDREN

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is an appeal from an order terminating the parental rights of appellant, the mother of A.N.C., T.C.E.C., Jr., and L.J.C. The children's father did not appeal the termination of his rights and, thus, is not a party to this appeal. Because appellant did not timely file her notice of appeal, we dismiss this appeal for want of jurisdiction.

---

[1] *See* Tex. R. App. P. 47.4.

The trial court rendered the termination order on May 11, 2009; thus, appellant's notice of appeal was due twenty-one days later, on June 1, 2009. *See* Tex. R. App. P. 4.1(a) (providing that if due date falls on a Saturday, Sunday, or legal holiday, it is extended until the next day that is not a Saturday, Sunday, or legal holiday), 26.1(b) (requiring notice of appeal in accelerated case to be filed within twenty days of appealable order or judgment); Tex. Fam. Code Ann. § 263.405(a) (Vernon 2008) (providing that appeals from final termination orders are accelerated). Although appellant's counsel filed a motion for new trial on June 9, 2009, that motion did not extend the time to file a notice of appeal, nor can we construe it as a motion to extend time to file the notice of appeal.[2] *See* Tex. R. App. P. 26.3, 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 924–27 (Tex.), *cert. denied*, 546 U.S. 961 (2005); *C. Chambers Enters., Inc. v. 6250 Westpark, L.P.*, 97 S.W.3d 333, 334 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The notice of appeal was not filed until August 7, 2009, sixty-eight days too late.

---

[2] Although the certificate of service on the motion for new trial states that a true copy of "this Notice of Appeal" was served, the motion is clearly labeled a motion for new trial, was filed in the trial court only, and asks only for the trial court to set aside the judgment and grant a new trial; there is no other mention of a notice of appeal anywhere in the document.

In response to this court's inquiry into whether it has jurisdiction over the late-filed notice of appeal, appellant's new counsel responded that appellant's prior counsel was ineffective for filing a late notice of appeal and that this court should therefore find that it has jurisdiction and continue the appeal. Although ineffective assistance of counsel is an issue that may be raised in an appeal from a termination proceeding, *see In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009), this court does not have jurisdiction to consider *any* appeal unless its jurisdiction has been timely invoked, by either a timely notice of appeal or timely bona fide attempt to appeal, *In re K.A.F.*, 160 S.W.3d at 928; *Gregorian v. Ewell*, 106 S.W.3d 257, 258 (Tex. App.—Fort Worth 2003, order). Although the supreme court in *K.A.F.* expressly declined to address counsel's argument here, we have found no authority, nor has counsel cited any, that would allow an untimely accelerated appeal to continue because of ineffective assistance of counsel in failing to timely file the appeal. *In re K.A.F.*, 160 S.W.3d at 928. Moreover, the appellate rules clearly state that we may not suspend the rules to alter the time to perfect a civil appeal. *See* Tex. R. App. P. 2; *In re T.W.*, 89 S.W.3d 641, 642–43 (Tex. App.—Amarillo 2002, no pet.) (op. on reh'g); *In re B.H.G.*, No. 01-07-01001-CV, 2008 WL 4837497, at *1 (Tex. App.—Houston [1st Dist.] Nov. 6, 2008, no pet.) (mem. op.).

3

Accordingly, we must dismiss the appeal for want of jurisdiction. *See In re K.A.F.*, 160 S.W.3d at 928; *In re B.H.G.*, 2008 WL 4837497, at *1.

PER CURIAM

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  March 18, 2010