COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-09-429-CV

 

 

IN THE INTEREST OF A.N.C., 

T.C.E.C., JR., AND
L.J.C., 

MINOR CHILDREN

 

 

 

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

This is
an appeal from an order terminating the parental rights of appellant, the
mother of A.N.C., T.C.E.C., Jr., and L.J.C. 
The children=s father did not appeal the
termination of his rights and, thus, is not a party to this appeal.  Because appellant did not timely file her
notice of appeal, we dismiss this appeal for want of jurisdiction.








The
trial court rendered the termination order on May 11, 2009; thus, appellant=s notice
of appeal was due twenty-one days later, on June 1, 2009. See Tex. R.
App. P. 4.1(a) (providing that if due date falls on a Saturday, Sunday, or
legal holiday, it is extended until the next day that is not a Saturday,
Sunday, or legal holiday), 26.1(b) (requiring notice of appeal in accelerated
case to be filed within twenty days of appealable order or judgment); Tex. Fam.
Code Ann. ' 263.405(a) (Vernon 2008)
(providing that appeals from final termination orders are accelerated).  Although appellant=s
counsel filed a motion for new trial on June 9, 2009, that motion did not
extend the time to file a notice of appeal, nor can we construe it as a motion
to extend time to file the notice of appeal.[2]  See Tex. R. App. P. 26.3, 28.1(b); In
re K.A.F., 160 S.W.3d 923, 924B27
(Tex.), cert. denied, 546 U.S. 961 (2005); C. Chambers Enters., Inc.
v. 6250 Westpark, L.P., 97 S.W.3d 333, 334 (Tex. App.CHouston
[14th Dist.] 2003, pet. denied).  The
notice of appeal was not filed until August 7, 2009, sixty-eight days too late.








In
response to this court=s inquiry into whether it has
jurisdiction over the late-filed notice of appeal, appellant=s new
counsel responded that appellant=s prior
counsel was ineffective for filing a late notice of appeal and that this court
should therefore find that it has jurisdiction and continue the appeal.  Although ineffective assistance of counsel is
an issue that may be raised in an appeal from a termination proceeding, see
In re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009), this court does not have
jurisdiction to consider any appeal unless its jurisdiction has been
timely invoked, by either a timely notice of appeal or timely bona fide attempt
to appeal, In re K.A.F., 160 S.W.3d at 928; Gregorian v. Ewell,
106 S.W.3d 257, 258 (Tex. App.CFort
Worth 2003, order).  Although the supreme court in K.A.F.
expressly declined to address counsel=s
argument here, we have found no authority, nor has counsel cited any, that
would allow an untimely accelerated appeal to continue because of ineffective
assistance of counsel in failing to timely file the appeal.  In re K.A.F., 160 S.W.3d at 928.  Moreover, the appellate rules clearly state
that we may not suspend the rules to alter the time to perfect a civil
appeal.  See Tex. R. App. P. 2; In
re T.W., 89 S.W.3d 641, 642B43 (Tex.
App.CAmarillo
2002, no pet.) (op. on reh=g); In
re B.H.G., No. 01-07-01001-CV, 2008 WL 4837497, at *1 (Tex. App.CHouston
[1st Dist.] Nov. 6, 2008, no pet.) (mem. op.).








Accordingly,
we must dismiss the appeal for want of jurisdiction.  See In re K.A.F., 160 S.W.3d at 928; In
re B.H.G., 2008 WL 4837497, at *1.

 

PER
CURIAM

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  March 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]Although the certificate
of service on the motion for new trial states that a true copy of Athis Notice of Appeal@ was served, the motion
is clearly labeled a motion for new trial, was filed in the trial court only,
and asks only for the trial court to set aside the judgment and grant a new
trial; there is no other mention of a notice of appeal anywhere in the
document.