ACCEPTED
01-14-1004-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/5/2015 4:50:21 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01004-CV

| | | | | |
|---|---|---|---|---|
| Kevin Leroy Campbell, Appellant, | § § § | IN | THE | FIRST |
| v. | § § | COURT | OF | APPEALS |
| M. Brandon Maggiore, Guardian Ad Litem, Appellee. | § § § | HOUSTON, TEXAS | | |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/5/2015 4:50:21 PM
CHRISTOPHER A. PRINE
Clerk

## APPELLEE'S FIRST AMENDED MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellee asks this Honorable Court to dismiss points one through six and points eight and nine of Appellant's appeal for lack of jurisdiction. Appellee will respectfully show this Honorable Court that Appellant, even by his own timeline in his Amended Brief, failed to perfect his appeal of points one through five and eight. Appellee will further show that Appellant has not filed a notice of appeal for points six and nine. Appellee will thus show that this Honorable Court is without jurisdiction, which requires the dismissal of the foregoing points of error of Appellant's appeal.

## I.
## INTRODUCTION

1. Appellant is Kevin Leroy Campbell; Appellee is M. Brandon Maggiore,

Guardian Ad Litem. The other parties to the trial on the merits were Catherine N. Wylie, the Permanent Guardian of the Person and Estate of Lonnie Phillips, Jr. and the former Temporary Guardian Pending Contest; and Dana V. Drexler, the Attorney Ad Litem for Lonnie Phillips, Jr. in the Trial Court.

2. Appellant's attorney represented Kevin Leroy Campbell, Ava Phillips, and Lance Phillips in the trial court by filing pleadings on their behalf. C.R. 1-6, 10-15. Appellant's attorney never filed a motion to withdraw from representation of Kevin Leroy Campbell, Ava Phillips, or Lance Phillips.

3. This appeal stems primarily from a final order Appointing a Permanent Guardian of the Person and Estate of Lonnie Phillips, Jr. signed by the Honorable Kimberly Sullivan, Galveston County, Texas Probate Court dated October 3, 2014 R. 71-74; Appellant's Amended Brief P. 6, Paragraph 1. Thirty days from Friday, October 3, 2014 was Sunday, November 2, 2014. For deadline calculation purposes, this date was automatically extended to Monday, November 3, 2014. Appellant filed a Motion for Rehearing on Wednesday, November 5, 2014. R.76-97, 76; Appellant's Amended Brief p. 6, Paragraph 2. Appellant did not file his notice of appeal until December

11, 2014. R. 30-31. Appellant's Amended Brief p. 6, Paragraph 2; R. 130-131.

4. Appellant's point of error number seven was timely filed even though any possible error was not preserved because the underlying fee application was not objected to. An objection was required by the Trial Court's standing order on appointee fee applications. R. 2 - 8; Supp. R. [August 25, 2014] 129.

5. Appellant did not file a notice of appeal for his point of error number six. In point of error number six, Appellant alleges that the Trial Court erred in reappointing the Guardian Ad Litem (who originally established the guardianship) upon Appellant's filing his Notice of Appeal. Appellant's Amended Brief P. ii, P. 34 – 37. The order reappointing the Guardian Ad Litem was signed on December 29, 2014. Appellant's Amended Brief p. 34 – 37, Appendices C, D.

6. Appellant did not file a notice of appeal for point of error number nine. In

point of error number nine, Appellant alleges the Trial Court erred in issuing an order to sell real estate belonging to the Ward. Appellant's Amended Brief p. 45 - 50. This order was signed on August 27, 2015. Appellant's Amended Brief, Exhibit D. A notice of appeal has not been filed even though Appellant's Attorney has been aware of this order since on or before September 11, 2015. Appellant's Motion for Extension of Time To File Appellant's Brief p. 3. On September 21, 2015, the Guardian filed an amended application for the sale of real property belonging to the Ward and served Appellant's attorney with a copy of this motion. Appellees Amended Brief, Exhibit D. To date, an objection to this motion has not been filed in the Trial Court.

## II.
## ARGUMENT & AUTHORITIES

7. This Honorable Court has the authority and duty under Texas Rule of Appellate Procedure 42.3(a) to dismiss an appeal for lack of jurisdiction. This Court must dismiss Appellant's appeal except for point of appeal number seven because Appellant filed the notice of appeal after the deadline or failed altogether to file a notice of appeal. *See Eddins v.*

*Borders*, 71 S.W.3d 368, 371 (Tex. App.—Tyler 2001, pet. denied). It is now too late for Appellant to ask for an extension under Texas Rule of Appellate Procedure 26.3. *See, e.g.,* Tex. R. App. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

8. An appellant has 30 days to perfect an appeal from a final judgment unless a post-trial motion is timely filed that operates to extend the time in which an appeal can be perfected. Tex. R. App. P. 26.1. A late-filed post-trial motion does not extend the time to file a notice of appeal or to perfect an appeal. See, generally, Tex. R. App. P. 26. When a post-judgment motion is filed late or otherwise does not operate to extend the time to perfect an appeal and a notice of appeal is filed more than 15 days after the deadline to perfect an appeal, the error cannot be corrected by amendment. Tex. R. App. P. 26.3, 42.3(a); *see also, Lott v. Hidden Valley Airpark Ass'n*, 49 S.W.3d 604, 605 (Tex. App.—Fort Worth 2001, no pet.); *Zarate v. Sun Oper. Ltd.,* 40 S.W.3d 617, 624 (Tex. App.—San Antonio 2001, pet. denied).

9. A late-filed notice of appeal deprives an appellate court of jurisdiction, and the Court is without power to hear the appeal. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *Anderson v. Casebolt*, 493 S.W.2d 509, 511 (Tex. 1973). Under these circumstances, a motion to dismiss for lack of jurisdiction is a proper motion, and the remedy of dismissal is required due to the appellate court's lack of jurisdiction. *See, e.g., Ross v. Guerra*, 83 S.W.3d 899, 900 (Tex. App.—Texarkana 2002, no pet.); *Remington Investments, Inc. v. Connell*, 971 S.W.2d 140, 141 (Tex. App.—Waco 1998, no pet.); *Florance v. State*, 352 S.W.3d 867, 874–75 (Tex. App.—Dallas 2011, no pet.). S*ee also, Texas Emp. Ins. Ass'n v. Martin,* 347 S.W.2d 916, 917 (Tex. 1961); *C. Chambers Enters. v. 6250 Westpark, LP,* 97 S.W.3d 333, 334 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

10. In this appeal, the Trial Court issued a final order appointing a permanent guardian on October 3, 2014. R.76-97, 76; Appellant's Amended Brief P. 6, Paragraph 2. For Appellant's points of error one through five and point eight, Appellant was required to file his Motion for Rehearing within 30

days of this date. This thirty-day deadline was automatically extended to Monday, November 3, 2014 (from Sunday, November 2, 2014). However, Appellant failed to file a Motion for Rehearing until November 5, 2014. R.76-97, 76; Appellant's Amended Brief P. 6, Paragraph 2. This was two days after the deadline for Appellant to file this pleading, and the Trial Court had lost jurisdiction before the Motion for Rehearing was filed.

11. The untimely Motion for Rehearing did not extend the thirty-day window in which Appellant could perfect his appeal of points one through five and point eight. Tex. R. App. P. 26.1. This is true even if the Motion for Rehearing is construed as a Motion for a New Trial. Therefore, the Notice of Appeal should have been filed 30 days from the Trial Court's final order issued October 3, 2014. Tex. R. App. P. 26.1. This date was Sunday, November 2, 2014 and was, therefore, automatically extended to Monday, November 3, 2014. However, Appellee did not file his notice of appeal until December 11, 2014. R. 30-31. Appellant's Amended Brief P. 6, Paragraph 2; R. 130-131. This was 38 days after the deadline to perfect the appeal. Because this was more than 15 days after the deadline to perfect his appeal,

Appellant cannot correct this error, and this Honorable Court is without jurisdiction and points one through five and point eight of Appellant's appeal must be dismissed.

12. Appellant did not file a notice of appeal for point of error number six, the reappointment of the Guardian Ad Litem on appeal. This order was signed on December 29, 2015. Appellant's Amended Brief P. 34 – 37, Appendices C, D. This date was over nine months ago. Therefore, it is too late for Appellant to perfect the appeal of this point of error. Tex. R. App. P. 26.1. Therefore, this Court is without jurisdiction, and Appellant's point of error number six must be dismissed for lack of jurisdiction.

13. Appellant has not filed a notice of appeal for his point of error number nine. The order in point of error number nine was issued on August 27, 2015, over 39 days ago. Appellant's Amended Brief, Exhibit D. A notice of appeal has not been filed even though Appellant has been aware of this order since on or before September 11, 2015 (25 days ago). Appellant's Motion for Extension of Time To File Appellant's Brief, paragraph 3. Moreover, any

alleged error is moot and not ripe for appeal because the Guardian filed an Amended Motion for the Sale of Real Property with notice to Appellant's attorney on September 21, 2015. Appellant's Amended Brief, Exhibit D. As of the filing of this motion, no one has filed an objection to this motion.

### III.
### CONCLUSION

14. Appellant failed to timely file a post-judgment pleading that would haveextended his deadline to file a Notice of Appeal for points of error one through five and point eight. Because Appellant filed his Notice of Appeal more than 15 days after the deadline, this error cannot be corrected, and these points of appeal must be dismissed for lack of jurisdiction.

15. Appellant has not filed a notice of appeal for points of error six or nine, which failure deprives this Court of jurisdiction and requires dismissal of these points of error.

16. Furthermore, point of error number nine is both moot and not ripe because the Guardian has filed an amended motion for the sale of real property with

service on Appellant's Attorney. Neither an objection to or order on this amended pleading has been filed with the Trial Court Clerk.

## IV.
## PRAYER

For the foregoing reasons, Appellee asks the Court to grant this motion and dismiss this appeal for lack of jurisdiction and for any other relief to which he may be entitled.

Respectfully submitted,

/s/ M. Brandon Maggiore
M. Brandon Maggiore
State Bar No.:  24078901
Maggiore Law Firm, PLLC
PO Box 102517
Denver, CO 80250
Telephone:  (713) 239.3347
Facsimile:   (713) 581.1894
brandon@maggiorelawfirm.com

GUARDIAN AD LITEM FOR LONNIE PHILLIPS, JR., AN INCAPACITATED PERSON

CERTIFICATE OF COMPLIANCE

 I certify that this document was produced on a computer using Microsoft Word Version 14.5.4 and it contains 1,689 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

 /s/ M. Brandon Maggiore
 M. Brandon Maggiore
 State Bar No.:  24078901

## CERTIFICATE OF SERVICE

I certify that on October 5, 2015, I am serving a copy of this document, Appellee's First Amended Motion to Dismiss for Lack of Jurisdiction, through the State's e-file and serve system at the same time as this motion is being filed with this Honorable Court. My e-mail address is brandon@maggiorelawfirm.com.

/s/ M. Brandon Maggiore
M. Brandon Maggiore
State Bar No.:  24078901

Veronica L. Davis
Attorney for Appellant
Texas Bar No. 05557300
226 N. Mattson
West Columbia, Texas 77486
Telephone: 979.345.2953
Facsimile:  979.345.5461
vld57atal@yahoo.com

Catherine N. Wylie
Guardian Of the Person and Estate of Lonnie Phillips, Jr., An Incapacitated Person
The Wylie Law Firm
2211 Norfolk Street, Suite #440
Houston, Texas 77098
Telephone:  713.275.8230
Facsimile:  713.275.8239
Email:  cwylie@wylielawfirm.com