

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00014-CV

_____

CHARLOTTE CARROLL, Appellant

V.

J. P. MORGAN CHASE BANK, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-001358-1

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

Appellant Charlotte Carroll attempts to appeal from a final summary judgment in favor of Appellee J.P. Morgan Chase Bank, signed by the trial court on September 26, 2018. Because Carroll filed a postjudgment motion on October 24, 2018, but not a motion to extend time to file a notice of appeal, the notice of appeal was due by December 27, 2018. *See* Tex. R. App. P. 26.1. But it was not filed until January 14, 2019.

On January 18, 2019, we notified Carroll of concerns regarding jurisdiction. *See* Tex. R. App. P. 26.1. We provided Carroll or any other party desiring to continue the appeal ten days to respond and provide grounds for continuing the appeal, and we cautioned that the failure to provide such a response could result in the dismissal of this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Carroll filed a response to our letter. However, the letter did not address grounds for continuing the appeal and instead focused on Carroll's challenges in scheduling a hearing on her postjudgment motion in the trial court.

The time for filing a notice of appeal is jurisdictional, and absent a timely filed notice of appeal or motion for extension of time to file the notice of appeal, the Texas Rules of Appellate Procedure compel us to dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied, however, when an appellant acting in good faith files a notice of

appeal beyond the time allowed by rule 26.1, but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. But an implied motion for extension of time is of no help when the notice of appeal is filed more than fifteen days after the notice is due. *See Ross v. Guerra*, 83 S.W.3d 899, 901 (Tex. App.—Texarkana 2002, no pet.) (holding appellate court could not imply a motion for extension "because the notice of appeal was filed over two months after it was due, well beyond the deadline under the rule for filing a request for an extension").

Accordingly, we dismiss Carroll's attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Dabney Bassel
Dabney Bassel
Justice

Delivered: February 7, 2019

3