

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00492-CV

**REGENT CARE CENTER AT BLANCO**,
Appellant

v.

Fidencio **RUIZ** and Andy Ruiz,
Appellees

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2018CV04810
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
            Luz Elena D. Chapa, Justice
            Lori Massey Brissette, Justice

Delivered and Filed: October 9, 2024

DISMISSED FOR WANT OF JURISDICTION

The trial court signed a final order dismissing the underlying cause for want of prosecution on February 28, 2024. Appellant timely filed a motion for reinstatement on March 19, 2024.[1] *See* TEX. R. CIV. P. 306a, 165a(3). Had Appellant had notice of, or acquired actual knowledge of, the signed order within ninety days, a notice of appeal would have been due on May 28, 2024. *See* TEX. R. APP. P. 26.1(a). A motion to extend the time to file a notice of appeal would have been

---

[1] Appellant asserts it filed the motion out of an abundance of caution as it had not seen a signed order but was concerned about the oral pronouncement on February 28, 2024, and wanted to preserve its right to appeal. No hearing was held on the motion for reinstatement, and it was overruled by operation of law on June 2, 2024. *See* TEX. R. CIV. P. 165a(3).

due on June 12, 2024. *See* TEX. R. APP. P. 26.3. Appellant Regent Care Center at Blanco, however, did not file its notice of appeal until July 5, 2004. This court issued a show cause order requiring Appellant to demonstrate why the matter should not be dismissed.

In response, Appellant asserts that it did not have actual knowledge of disposition until June 20, 2024, and it did not receive notice of a signed order until July 1, 2024. Appellant contends that, because it did not receive actual knowledge or notice of the signed judgment until well after ninety days from when the judgment was signed, the period for the notice of appeal began to run ninety days after the judgment was signed, which was May 28, 2024. *But see* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1). While Rule 306a(4) allows for an extension of time to file a notice of appeal, Appellant did not attempt to invoke Rule 306a until after our show cause order was issued.[2] *See* TEX. R. CIV. P. 306(a)(5) (requiring the movant to prove in the trial court when it first received notice or actual knowledge).

Further, Rule 306a(4) does not apply in situations where actual notice or knowledge is not acquired within ninety days of the judgment being signed. *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (per curiam) (citing TEX. R. CIV. P. 306a(4)). To invoke Rule 306a, a party must file a motion within the trial court's plenary power period and prove that it received notice of the judgment "more than twenty (but less than ninety-one) days after it was signed." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) (citing TEX. R. CIV. P. 306a(5)).

Because Appellant asserts that it learned of the trial court's signed judgment more than ninety days after it was signed, Rule 306a(4) cannot make Appellant's notice of appeal timely. *See* TEX. R. CIV. P. 306a(4); *Levit*, 850 S.W.2d at 470 ("[N]otice received after the 90th day is

---

[2] Appellant attached a motion under Rule 306a(5) as Exhibit 10 to its response to our show cause order, but it has not supplemented the clerk's record to show that the motion was actually filed. Appellant also asks that we now abate the appeal for the trial court to consider its motion.

simply not covered by [Rule 306a].”). Appellant is not precluded, however, from attempting to seek relief through a bill of review. *See Lott v. Hidden Valley Airpark Ass'n, Inc.*, 49 S.W.3d 604, 605 (Tex. App.—Fort Worth 2001, no pet.) (per curiam) (citing TEX. R. CIV. P. 329b(f)). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM