**Ruby EDDINS, individually and as Executor of the Estate of J.C. Eddins, Appellant,**

v.

**Gene BORDERS and Timber Harvesting Corporation of Shelby County, Texas, Appellees.**

No. 12–01–00039–CV.

Court of Appeals of Texas, Tyler.

Sept. 28, 2001.

R. Jeanette Parham, Hempstead, for appellant.

William J. Barton, Center, for appellee.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

PER CURIAM.

This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate Procedure 42.3(a). On September 28, 2000, the trial court signed an order granting Gene Borders and Timber Harvesting Corporation of Shelby County, Texas, Inc.'s (collectively "Appellees") Mo-

tion for Summary Judgment. On October 16, 2000, Ruby Eddins, Individually and as Executor of the Estate of J.C. Eddins, ("Eddins") filed a request for findings of fact and conclusions of law. Thereafter, on November 1, 2000, the trial court signed an order severing Eddins' claims against Appellees from the rest of the case. On December 30, 2000, Eddins filed a notice of appeal and a motion for extension of time to file notice of appeal in the trial court.

### TIMELINESS OF NOTICE OF APPEAL

■ Appellees have filed a motion to dismiss Eddins' appeal contending that this Court lacks jurisdiction because Eddins' notice of appeal was untimely. We agree. The appellate timetable in this case began to run on November 1, 2000, the date the trial court severed Eddins' claims against Appellees. *See McRoberts v. Ryals,* 863 S.W.2d 450, 452–53 (Tex. 1993) ("... an order granting a severance with a judgment in the cause ordered severed is effective when signed."). Under Texas Rule of Appellate Procedure 26.1(a), unless Eddins filed an instrument which extended the appellate deadlines, the notice of appeal was due to have been filed "within 30 days after the judgment [was] signed," *i.e.,* December 1, 2000.

■ Eddins asserts that her request for findings of fact and conclusions of law extended the appellate timetable from thirty days to ninety days.[1] *See* TEX.R.APP. P. 26.1(a)(4). A timely request for findings of fact and conclusions of law will extend the time for perfecting the appeal when findings and conclusions are required by Rule 296 of the Texas Rules of Civil Procedure or, if not required, could properly be con-

sidered by the appellate court. *Id.; see IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 443 (Tex.1997). A request for findings of fact and conclusions of law will not extend the time for perfecting an appeal from a judgment rendered as a matter of law, where findings and conclusions have no purpose and should not be requested, made or considered on appeal. *IKB Industries,* 938 S.W.2d at 443. A summary judgment is one of several types of cases in which findings of and conclusions of law have no place. *Id.; see Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994).

■ Eddins contends that their request for findings and conclusions was proper because Appellees filed a no-evidence motion for summary judgment. She argues that no-evidence motions for summary judgment are reviewed on appeal in the same manner as a directed verdict and that findings of fact and conclusions of law can be properly considered in an appeal from a directed verdict. While it is true that no-evidence motions for summary judgment are reviewed on appeal in the same manner as a directed verdict, *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70 (Tex.App.—Austin 1998, no pet.), the Texas Supreme Court has held that findings of fact and conclusions of law are improper in an appeal from a judgment after a directed verdict. *IKB Industries,* 938 S.W.2d at 443. Thus, we conclude that findings of fact and conclusions of law have no place in an appeal from a no-evidence motion for summary judgment and, therefore, Eddins' request for findings and conclusions in this case did not extend the deadline for filing the notice of appeal. *See Id.* The notice of appeal was due to have been filed on or

---

1. Eddins has not filed a response to Appellees' motion to dismiss. The contentions attributed to Eddins in this opinion are contained in a copy of a "Response to Appellee's

Objection for Extension of Time to File Notice of Appeal," which was apparently filed in the trial court.

before December 1, 2000. Because Eddins did not file the notice of appeal until December 30, 2000, this Court does not have jurisdiction to consider the appeal. Tex. R.App. P. 26.1(a); *McCaskell v. The Methodist Hosp.*, 856 S.W.2d 519, 521 (Tex. App.—Houston [1st Dist.] 1993, no writ).[2] Furthermore, we note that, although we may extend the time for filing a notice of appeal pursuant to Texas Rule of Appellate Procedure 26.3, Eddins' notice of appeal and motion for extension of time to file notice of appeal were not filed within fifteen days after the deadline for filing the notice of appeal. Tex.R.App. P. 26.3.

■ On September 25, 2001, Eddins filed a "Motion for Protective Order for Appellant and Objection to Involuntary Dismissal for Want of Jurisdiction" and an amended notice of appeal.[3] In her amended notice of appeal, Eddins seeks to amend the notice of appeal to reflect a restricted appeal from the orders of September 28 and November 1, 2000. We have previously held that Eddins' December 30, 2000 notice of appeal was untimely and, therefore, this Court does not have jurisdiction over the appeal. In a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. Tex.R.App. P. 26.1(c). Because Eddins did not amend the notice of appeal within the time set forth in Rule 26.1(c),

she has failed to bring a timely restricted appeal. We conclude that because this Court has never had jurisdiction over the appeal, Eddins' amended notice of appeal does not retroactively confer jurisdiction on this Court. *Cf. State v. Riewe*, 13 S.W.3d 408, 413 (Tex.Crim.App.2000) ("... once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.").

■ In her motion for protective order, Eddins asks that we consider this appeal a restricted appeal. For the reasons discussed above, we decline to do so. In the alternative, Eddins asks that we consider her appeal a request for extraordinary relief, *i.e.*, a request for a writ of mandamus. A writ of mandamus will only issue when there is no other adequate remedy at law, such as an appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). It is clear that Eddins had an appellate remedy, but simply failed to timely file either an ordinary appeal or a restricted appeal. Accordingly, we will not consider Eddins' notice of appeal as a request for extraordinary relief.

### CONCLUSION

Because Eddins' notice of appeal was untimely, we grant Appellees' motion and

---

2. In her response in the trial court, Eddins also questions whether the severance resulted in the summary judgment being final and appealable. Nothing in the record before us shows that Eddins sought clarification from the trial court as to whether the severance resulted in a final appealable judgment. Eddins obviously believed that the summary judgment was appealable because she filed a notice of appeal. We conclude that on this record, Eddins' contentions concerning the finality of the judgment are not relevant to the issue presented by Appellees' motion to dismiss, *i.e.*, whether Eddins' notice of appeal was timely. We also note that Eddins' assertions concerning the finality of the judgment appear to relate to a different summary judgment, not the one before us in this cause number.

3. A portion of Eddins' contentions in these documents concern a notice this Court sent to the parties concerning the absence of an appealable order. On September 25, 2001, the district clerk filed a supplemental clerk's record in this Court containing an appealable order. Thus, we need not address Eddins' assertions concerning the absence of an appealable order.

dismiss the appeal for want of jurisdiction. Tex.R.App. P. 42.3(a).