PER CURIAM HEADING




 NO. 12-02-00322-CV


NO. 12-02-00323-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




RUBY EDDINS INDIVIDUALLY

AND AS EXECUTOR OF THE §
 APPEAL FROM THE 123RD

ESTATE OF J.C. EDDINS,

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


RONNIE BORDERS AND RONNIE

BORDERS, INC., GENE BORDERS

AND TIMBER HARVESTING
§
 SHELBY COUNTY, TEXAS

CORPORATION OF SHELBY COUNTY,

TEXAS, INC.,

APPELLEES





PER CURIAM


 Appellant seeks to appeal after orders of dismissal were entered in two severed causes. For
the reasons set forth below, we dismiss both appeals for want of jurisdiction pursuant to Texas Rule
of Appellate Procedure 42.3(a). 

 On December 5, 1997, Appellant sued Appellees and others in the District Court, 123rd
Judicial District, Shelby County, Texas (trial court cause number 25,806). Appellees timely filed
answers and, in July of 2000, filed no-evidence motions for summary judgment pursuant to Texas
Rule of Civil Procedure 166a(i). (1) On September 28, 2000, the trial court signed orders granting the
motions for summary judgment "as to any and all of Plaintiff's causes of action and claims" against
Appellees. Appellees filed motions to sever Appellant's claims against them, and the trial court
granted the motions. New cause numbers were assigned to the severed portions of the original action
(new cause numbers 26,810 and 26,811). (2) Appellant filed a notice of appeal in each severed cause. 
However, the notices of appeal were untimely filed, and the appeals were dismissed for want of
jurisdiction. Eddins v. Borders, 71 S.W.3d 368 (Tex. App.- Tyler 2001, pet. denied) (appeal
number 12-01-00039-CV); Eddins v. Borders, No. 12-01-00038-CV (Tex. App.- Tyler August 1,
2001, pet. denied) (not designated for publication).

 On August 29, 2002, the trial court signed an order dismissing each cause (26,810 and
26,811) for want of prosecution. (3) By extension of time for filing, Appellant filed a notice of appeal
in each cause on October 15, 2002 seeking to appeal "all orders in the case." On November 8, 2002,
pursuant to Rule 37.2 of the Texas Rules of Appellate Procedure, this court notified Appellant that
the record received in these appeals does not contain an appealable order and therefore does not
show the jurisdiction of this court. Appellant was also informed that unless the record was
supplemented on or before November 18, 2002 to show jurisdiction, the appeal would be dismissed. 
On November 15, 2002, Appellant furnished a certified copy of the trial court's orders dismissing
each cause for want of prosecution. She also informed this court that she contends the dismissal
order in each cause, and not the summary judgment order, is the final judgment.

 As a general rule, an appeal may be taken only from a final judgment. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). In order to be final and appealable, a judgment must
dispose of all issues and parties in the case. Id. The summary judgment orders signed by the trial
court in the cases at hand did not dispose of Appellant's claims against any defendants other than
Appellees nor did the orders dispose of Appellees' indemnity and contribution claims. Therefore,
the summary judgment orders were interlocutory. See id. at 205 (order not final for purposes of
appeal unless it actually disposes of every pending claim and party or unless it clearly and
unequivocally states that it finally disposes of all claims and parties). Upon severance by the trial
court, however, the summary judgment orders became final and appealable. See Farmer v. Ben E. 



Keith Co., 907 S.W.2d 495, 496 (Tex. 1995). It is from the summary judgment orders that Appellant
attempted to perfect the appeals that were previously dismissed by this court.

 Only one final judgment may be rendered in any cause except as otherwise provided by law. 
Tex. R. Civ. P. 301. It therefore follows that unless otherwise provided by law, the "one final
judgment rule" limits the number of appeals to one per case. The September 28 orders granted
summary judgment "as to any and all of Plaintiff's causes of action and claims." Thus, the severance
of Appellant's claims against Appellees from the primary action made the summary judgment orders
final as to Appellant's claims against Appellees. Farmer, 907 S.W.2d at 496. We find no authority
that renders the "one final judgment rule" inapplicable in the present cases nor does Appellant refer
us to any. Consequently, Appellant is limited in each cause to one appeal of the issues determined
in one severed causes, and those appeals have previously been attempted and dismissed. Therefore,
we are without jurisdiction to consider the instant appeals. Accordingly, these appeals are dismissed
for want of jurisdiction.


Opinion delivered November 20, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.















(DO NOT PUBLISH)


1. Gene Borders and Timber Harvesting Corporation jointly filed documents pertaining to Appellant's claims
against them. Ronnie Borders and Ronnie Borders, Inc. jointly filed similar documents relating to Appellant's
claims against them.
2. Cause number 26,810 was assigned to Appellant's claims against Ronnie Borders and Ronnie Borders, Inc. 
Cause number 26,811 was assigned to Appellant's claims against Gene Borders and Timber Harvesting Corporation.
3. The record does not indicate that any claims other than those of Appellant against Appellees were included in
the severed causes.