Opinion issued February 12, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01–03–00844–CV




WILLIE M. WILSON, Appellant

V.

JORDAN MEMORIAL CHURCH OF GOD, Appellee




On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2000-19305




MEMORANDUM OPINIONAppellee, Jordan Memorial Church of God (“the church”), has moved to
dismiss the appeal for want of subject-matter jurisdiction. See Tex. R. App. P. 42.3. 
Appellant, Willie M. Wilson, has responded to the dismissal motion.
          With certain exceptions, a party wishing to appeal a judgment must file its
notice of appeal within 30 days after the judgment is signed. See Tex. R. App. P.
26.1. In this case, the trial court signed a final summary judgment on May 31, 2003. 
Wilson filed his notice of appeal on August 13, 2003. The record does not reveal that
any post-judgment motions attacking the summary judgment were filed. The church
argues that Wilson’s notice of appeal is untimely because he filed it more than 30
days after the trial court signed the judgment.
          Wilson responds that his notice of appeal is nonetheless timely because he had
timely filed a request for fact findings and legal conclusions, which request allegedly
extended the deadline to perfect appeal to 90 days from the judgment’s signing.


 See
Tex. R. App. P. 26.1(a)(4) (“[T]he notice of appeal must be filed within 90 days after
the judgment is signed if any party timely files: . . . a request for findings of fact and
conclusions of law if findings and conclusions either are required . . . or, if not
required, could properly be considered by the appellate court.”).
          The final judgment was rendered on cross-motions for summary judgment. 
Fact findings and legal conclusions have no place in a summary judgment proceeding. 
See, e.g., Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994) (considering
predecessor to rule 26.1(a)(4)); Eddins v. Borders, 71 S.W.3d 368, 370 (Tex.
App.—Tyler 2001, pet. denied) (considering rule 26.1(a)(4)). If findings and
conclusions are filed in connection with a summary judgment, an appellate court may
not consider them. See Ross v. Guerra, 83 S.W.3d 899, 900 (Tex. App.—Texarkana
2002, no pet.). Accordingly, fact findings and legal conclusions were neither
“required,” nor could they have properly been “considered by the appellate court”
within the meaning of rule 26.1(a)(4). See Tex. R. App. P. 26.1(a)(4). Wilson’s
request for findings and conclusions thus did not extend the deadline for filing a
notice of appeal. See Eddins, 71 S.W.3d at 370. Therefore, Wilson’s notice of appeal
was due 30 days after May 31, 2003, the date of the judgment’s signing. See Tex. R.
App. P. 26.1(a)(4). Wilson filed his notice of appeal more than a month after that
deadline.
          Accordingly, we grant the motion to dismiss the appeal. The appeal is hereby
dismissed for want of jurisdiction. See Tex. R. App. P. 42.3(a).
          It is so ORDERED.PER CURIAM
Panel consists of Justices Taft, Keyes, and Bland.