NUMBER 13-05-465-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG 

___________________________________________________________________

 

DOV AVNI KAMINETZKY A/K/A DOV K. AVNI,                                          Appellant,

 

                                           v.

 

DAVID A. NEWMAN, INDIVIDUALLY, ET AL.,               Appellees.

___________________________________________________________________

 

                  On
appeal from the 333rd District Court

                            of
Harris County, Texas.

___________________________________________________________________

 

                     MEMORANDUM
OPINION

 

               Before
Justices Rodriguez, Castillo, and Garza

Memorandum
Opinion Per Curiam

 

Appellant, Dov
Avni Kaminetzky a/k/a Dov K. Avni, attempts to appeal a judgment entered in a
property dispute in favor of appellees, David A. Newman and Eleanor Newman,
deceased.  We dismiss the appeal for want
of jurisdiction.








In the instant
case, the trial court entered final judgment granting defendant=s motion for summary judgment on March 10,
2005.  The trial court did not hold an
evidentiary hearing prior to the entry of judgment.  Appellant requested findings of fact and
conclusions of law on March 22, 2005. 
The trial court denied the request that same day.  Appellant filed a notice of appeal and an
amended notice of appeal on June 8, 2005. 
On June 15, 2005, the trial court entered a judgment nunc pro tunc
correcting the amount of funds that had been deposited into the registry of the
court.  Appellant filed a second amended
notice of appeal on June 26, 2005.  








On July 26,
2005,  the Clerk of this Court notified
appellant, in accordance with Texas Rule of Appellate Procedure 42.3, that this
Court may not have jurisdiction over this appeal because it appeared the notice
of appeal was not timely filed. 
Appellant was advised that the appeal would be dismissed if the defect
were not corrected within ten days from the date of receipt of this Court's
letter.  See Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a).  Appellant's response, filed with this Court
on August 15, 2005,  fails to offer a
reasonable explanation for the late filing of the notice of appeal.          A
notice of appeal is generally due within thirty days after a final judgment is
signed.  See Tex. R. App. P. 26.1.  A timely request for findings of fact and
conclusions of law will extend the time for perfecting an appeal when findings
and conclusions are required by Rule 296 of the Texas Rules of Civil Procedure
or, if not required, could properly be considered by the appellate court.  Id.; IKB Ind. (Nigeria) Ltd. v. Pro‑Line
Corp., 938 S.W.2d 440, 443 (Tex. 1997); see Gene Duke Builders, Inc. v.
Abilene Hous. Auth., 138 S.W.3d 907, 908 (Tex. 2004).  A request for findings of fact and
conclusions of law will not extend the time for perfecting an appeal from a
judgment rendered as a matter of law, where findings and conclusions have no
purpose and should not be requested, made or considered on appeal. IKB Ind.,
938 S.W.2d at 443.  Findings of fact and
conclusions of law have no place in a summary judgment proceeding. Linwood
v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994); Golden v. McNeal, 78
S.W.3d 488, 495 (Tex. App.BHouston [14th Dist.] 2002, pet. denied).  Accordingly, a  request for findings of fact and conclusions
of law does not extend the time for filing a notice of appeal from an order
granting summary judgment.  IKB Ind.,
938 S.W.2d at 443; Linwood, 885 S.W.2d 102, 103 (Tex. 1994); Eddins
v. Borders, 71 S.W.3d 368, 370 (Tex. App.BTyler
2001, pet. denied).

Appellant=s request for findings of fact and conclusions of
law did not extend the appellate timetable. 
Therefore, the time for filing the notice of appeal expired thirty days
after the judgment was signed.  See
Tex. R. App. P.  26.1. 
Appellant=s notice of appeal was untimely, and, accordingly,
we dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Any pending
motions are dismissed as moot.

PER CURIAM

Memorandum Opinion
delivered and filed 

this the 10th
day of November, 2005.