ACCEPTED
03-15-00141-CV
4624767
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/24/2015 3:41:17 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00141-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/24/2015 3:41:17 PM
JEFFREY D. KYLE
Clerk

## IN THE THIRD COURT OF APPEALS
## AUSTIN, TEXAS

# JOHN GREEN,
*Appellant*

# V.

# MEMORIAL PARK MEDICAL CENTER, INC.
*Appellee*

**Appealed from 126th Judicial District Court of Travis County, Texas**

## APPELLEE'S MOTION TO DISMISS APPEAL

**Oral Arguments Requested**

Frederick F. Hoelke
Attorney at Law
State Bar No. 09775600
26545 IH-10 West
Boerne Texas 78006
fredhoelke@aol.com
(210)-444-0999 Telephone
(210)-787-3881 Facsimile

*Appellee's Motion to Dismiss Appeal For Lack of Jurisdiction Pursuant to Rule 42.3a of the Texas Rules of Appellate Procedure*     1

# APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Comes Now, Appellee, Memorial Park Medical Center, Inc., and asks the Court to dismiss Appellant John Green's appeal or, in the alternative, to affirm the trial court's judgment.

## RELIEF REQUESTED

Dismiss this appeal pursuant to Rule 42.3 a of the Texas Rules of Appellate Procedure.

## INTRODUCTION

1. Appellant's name is John Green; Appellee's name is Memorial Park Medical Center, Inc.

2. The 126th Court of Travis County, Texas signed the final judgment in the underlying case: *Memorial Park Medical Center, Inc. v. John Green*, Cause No. D-1-GN-14-000373 on March 13, 2014 in favor of Appellee and against Appellant.

## PROCEDURAL HISTORY

3. 126th District Court entered a Temporary Restraining Order against John Green and his counsel on the 7th day of February, 2014.

4. A hearing was set by Appellant challenging the Temporary Restraining Order and setting Appellants motions to Dismiss for Lack of Jurisdiction, Request for Sanctions, and Motion to Transfer Venue for the 18th day of February 2014.

5.	All the appellant's motions were heard and vigorously disputed by the court; however, no order denying the motions was entered. The trial court extended the injunction to the hearing set on the 4th of March, 2014.

6.	On the 4th day of March, 2014 the trial court heard the Appellant Green's Motion to Dismiss for Lack of Jurisdiction, Request for Sanctions, Motion to Transfer Venue and Motion to Reconsider.

7.	After a full hearing, inclusive of exhaustive arguments of counsel, the 126th District Court denied appellant Green's motions.

8.	The trial court entered a final judgment on the 13th day of March, 2014 in the form of a permanent injunction. A copy is attached as **Exhibit 1**. The trial court's final judgment thereby resulted in preventing Defendant Green from executing on its Abstract of Judgment.

9.	On the 18th day of March, 2014 Appellee and Appellant both received a fax from the office of the District Judges, 126th District Court, which was a copy of the final order entered on the 13th day of March, 2014.

10.	On the 14th day of April 2014, Appellee, by oversight, filed an amended petition urging a new cause of action; tortious interference with contract. This was done without leave of court and 31 days after final judgment was entered.

11.	In addition, the Appellee raised a claim under § 12.02 of the Property Code. However, this section is not a separate cause of action but is only a remedy

associated with Trespass To Try Title cases, Suits to Quiet Title and / or Slander of Title. No cause of action had been filed by the Appellant herein while the trial court still had jurisdiction.

12. If Appellant had filed a Motion for a New Trial during the first thirty (30) days after the March 13th final judgment, the trial court would have maintained jurisdiction for an additional 75 days. As no Motion was filed by the Appellant during the thirty day period of time after final judgment, the remedy of filing a motion for a new trial, had it been exercised, would have expired on the 27th of May, 2014, when the court would have lost plenary power 75 days after the March 13, 2014 Final Judgment. Appellant did nothing until July 16, 2014 when appellant filed a motion for summary judgment.

13. The trial court lost plenary power on the 27th of May, 2014.

14. Assuming for arguendo's sake that the appellant was not notified of the entry of the final order, his last date to file a motion for new trial or give notice of appeal was July 11, 2014.

15. The appellant lost his ability to appeal this matter 30 days from the 90th day following the entry of the final appealable order March 13th 2014, pursuant to Rule 306 a (4) which was July 11, 2014.

16. Appellant Green failed to file a motion for new trial and/or notice of appeal by the 11th day of July, 2014.

17. On the 19th day of September 2014, Appellant Green, recognizing that a final judgment had been entered, filed a motion to clarify order(s) or Defendant's Motion For Judgment, Nunc Pro Tunc. This was denied by the trial court on the 9th day of October and entered on the 30th day of October, 2014. A true and correct copy is attached as **Exhibit 2**.

18. The effect being the trial court's recognition that March 13th, 2014 was in fact the final judgment.

19. Yet another motion was filed by the Appellant on November 10th, 2014 which was amended on the 22nd day of November 2014 and heard on the 9th day of December. The relief requested was for an early appeal which was a disingenuous way of asking the trial court to extend its plenary jurisdiction and requesting a trial setting on the remaining issues in the case. The motion was denied as to the early appeal.

20. Appellee, looking at its pleadings and the prior rulings of the trial court, determined there was nothing left to try but in essence a remedy motion pursuant to the Property Code §12.00 et seq and decided to dismiss the pending remedy, which it did February 2nd 2015.

21. Appellant, having never filed a request for affirmative relief and/or a cause of action in the form of a counter claim during the time allotted by the Texas Rules of Civil Procedure, did not have a justiciable cause for the trial court to determine.

22. On the 3rd day of February, 2015, Appellant Green, through his counsel, sent a letter to the trial court requesting that the court clarify the order of dismissal. See a true and correct copy which is attached as **Exhibit 3**

23. The trial court responded to Appellant Green's letter with a letter of its own, dated February 18th, 2015; a true and correct copy of which is attached as **Exhibit 4**. The trial court's letter states very clearly, because of the prior orders, that the court cannot do anything and therefore reinforces the trial court's prior ruling that there was a judgment rendered on the 13th of March, 2014 which has become final and has never been timely challenged. Accordingly, any issues of contention brought to the trial court after the court has lost its plenary powers become res judicata.

24. Appellant, this year, has filed yet another two pleadings with the trial court; one to modify a judgment and two to request findings of fact and conclusions of law from this Court . These were not ruled on because the trial court had no plenary jurisdiction.

25. Appellee attaches as **Exhibit 5** an affidavit which authenticates the trial court documents used to demonstrate the procedural history of this appeal.

## ARGUMENT & AUTHORITIES

26. The Court has the authority under Texas Rules of Appellate Procedure 42.3 (a) to dismiss an appeal for lack of jurisdiction.

27. The court should dismiss the appeal because Appellant filed the notice of the appeal after the deadline. See *Eddins v. Borders*, 71 S.W.3d 368 371 (Tex. App.- Tyler 2001, pet. Denied). It is now too late for Appellant to ask for an extension under Texas Rules of Appellate Procedure 26.3 See Tex. R. App. P. 42.3(a); *Verburg v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

28. The court rendered a "final judgment" on March 13, 2014 in favor of Appellee and against Appellant. The hearing on the permanent injunction is a full trial of the issues in applicant's petition. *Citizens State Bank v. Caney Investments*, 746 S.W.2d 477, 478 (Tex. 1988). See **Exhibit 1**.

29. The court reaffirmed that a "final judgment" was rendered on March 13, 2014 pursuant to its October 30, 2014 Order Denying Defendant's Motion to Clarify Orders or Defendant's Motion for Nunc Pro Tunc. See **Exhibit 2**.

30. An untimely request for finding of fact and conclusions of law was filed by Appellant on February 24, 2015.

31. The notice of appeal was due on April 14, 2014. A request to extend the time to file the notice of appeal was not requested at any time by Appellant. This Court should dismiss Appellant's appeal for lack of jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (appellate court lacks jurisdiction over untimely appeal, and dismissal is proper remedy); *Wilkins v. Methodist Health Care System*, 160 S.W.3d 559, 564 (Tex. 2005) (accord); see also, In re Estate of Padilla, 103

S.W.3d 563, 566 (Tex. App.—San Antonio 2003, no pet.) (untimely appeal dismissed for lack of jurisdiction despite late notice of final judgment). It is now too late for Appellant to ask for an extension under Texas Rule of Appellate Procedure 26.3. TEX. R. APP. P. 4.2(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

32.    Appellant filed the notice of appeal on March 3, 2015, almost a year after the deadline to file it and  no request to extend the deadline was ever filed by Appellant.

33.    Anticipating the arguments of appellant to claim no notice with respect to the final judgment, Appellee submits that even Texas Rules of Civil Procedure, Rule 306a (4) bars the appeal.

34.    This court should dismiss this appeal for lack of jurisdiction.  Appellant cannot confer jurisdiction upon this court nor can he survive the constraints of Rule 329 b and 306a (4) of the Texas Rules of Civil Procedure.

35.    Appellee is entitled to damages for frivolous appeal under Texas Rule of Appellate Procedure 45.  The Court may assume that Appellant brought this appeal solely for delay if it finds that Appellant prosecuted this appeal without observing the minimal procedural requirements for an appeal.  See *Hennigan v. Hennigan*, 677 S.W.2d 495, 496 (Tex. 1984); *Compass Exploration, Inc. v. B-E Drilling, Co.*, 60 S.W.3d  273, 279-80 (Tex. App.-Waco 2001, no. pet).

## CONCLUSION

36.   Appellant has been informed repeatedly that a final judgment was rendered on or about March 13, 2014, and as evident, all of Appellant's subsequent motions have been denied with the trial court continuing to inform Appellant that a final judgment had been rendered. Appellant has now continued his vexatious litigation on appeal despite the fact that Appellant is attempting to file his appeal almost a year past the deadline.

## PRAYER

For these reasons, Appellee, Memorial Park Medical Center, Inc., prays that this Court grant its motion to dismiss Appellant's appeal or, in the alternative, to affirm the trial court's judgment and grant Appellee damages for a frivolous appeal and grant Appellee judgment for costs.

Respectfully submitted,

**Frederick F. Hoelke**
SBOT No. 09775600
26545 IH 10 West, Suite 100
Boerne, Texas  78006
(210) 444-0999 Telephone
(210) 444-0996 Facsimile
*fredhoelke@aol.com*
*Attorney for Appellee*


**William W. Ruth**
1406 E. Main, Suite 200
Fredericksburg, TX  78624
325-642-9802 – Phone
325-641-0527 – Fax
*Attorney for Appellee*

---

[1] Signed by permission

*Appellee's Motion to Dismiss Appeal For Lack of Jurisdiction Pursuant to Rule 42.3a of the Texas Rules of Appellate Procedure*

## Certificate of Conference

I certify that I have conferred with Appellant's counsel, Robert Reich, by phone and have attempted in good faith to reach an agreement about the subject matter of this motion. We have been unable to reach an agreement because Mr. Reich believes that this court has jurisdiction over Mr. Green's appeal

_____
Frederick F. Hoelke


## Certificate of Service

I certify that on the 24th day of March, 2015, that I served, pursuant to rule 9.5 of the Texas Rules of Appellate Procedure, a true and correct copy of this motion to dismiss for lack of jurisdiction on Mr. Robert Reich, Counsel for John Green the appellant via electronic mail and by facsimile.

_____
Frederick F. Hoelke

Notice sent: Final · Interlocutory / None
Disp Parties:_____
Disp code: CVD / CLS____
Redact pgs:_____
Judge____CxR____ Clerk _BWH___      CAUSE NO. D-1-GN-14-000373

| | | |
|---|---|---|
| MEMORIAL PARK MEDICAL CENTER, INC § | | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 126TH JUDICIAL COURT |
| | § | |
| JOHN GREEN | § | TRAVIS COUNTY, TEXAS |

## ORDER

On the 4th day of March, 2014, came to be considered Plaintiff's motion for permanent injunction and Defendant's motions to dismiss for lack of jurisdiction, request for sanctions, transfer of venue, and motion for reconsideration. The court after hearing arguments of counsel and considering the pleadings and the evidence was of the opinion that Plaintiff's motion for permanent injunction should be granted, and denied Defendant's motions.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DESCRIBED that Plaintiff's motion for permanent injunction be granted, accordingly, and Defendant's motions be denied.

SIGNED this 13th day of March, 2014.

_____
JUDGE PRESIDING



## Exhibit 1

Filed in The District Court
of Travis County, Texas

OCT 30 2014

At_____3:45 P.M.
Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. D-1-GN-14-000373

| | |
|---|---|
| MEMORIAL PARK MEDICAL CENTER, INC § | IN THE DISTRICT COURT |
| § | |
| § | |
| VS. § | 126TH JUDICIAL COURT |
| § | |
| JOHN GREEN § | TRAVIS COUNTY, TEXAS |

## ORDER DENYING DEFENDANT'S MOTION TO CLARIFY ORDERS OR DEFENDANT'S MOTION FOR NUC PRO TUNC

On the 9th day of October, 2014, came to be considered Defendant's Motion to Clarify Orders or Defendant's Motion for Judgment Nunc Pro Tunc as to the court's March 13, 2014 Order which permanently enjoined Defendant from enforcing a writ of execution more fully described in the February 7, 2014 injunction order. The court after hearing arguments of counsel and considering the pleadings and the evidence was of the opinion that Defendant's motion should be: Denied.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DESCRIBED that Defendant's Motion to Clarify Orders or Defendant's Motion for Judgment Nunc Pro Tunc be denied.

SIGNED this 30th day of _____Oct_____, 2014.


JUDGE PRESIDING



**Exhibit 2**

# ROBERT E. REICH

### ATTORNEY AT LAW

309 N. Fisk Avenue
Brownwood, Texas 76801

Tele: 325-643-1569
Email:  rereich@harrisbb.com                                                    Fax:  325-643-3105

February 4, 2015

Honorable Tim Sulak
Fax No. (512)854-9332

Re:      Cause No. D-1-GN-14-000373, 126th Judicial District Court, Travis County, Texas
         Memorial Park Medical Center, Inc. v. John Green

Dear Judge Sulak:

The above styled and mentioned cause came on to be heard on the merits on Monday, February 2, 2015. Plaintiff filed a Motion to Dismiss Texas Civil Practices & Remedies Code §12.02 Remedy and Claim For Tortious Interference at 11:22:07 a.m. on February 2, 2015 and presented a copy to Defendant's counsel at the 2:00 p.m. hearing that date. Upon the case being called, the court did not consider this motion and Plaintiff announced "non-suit". The court accepted Plaintiff's announcement of non-suit and dismissed the suit "as to all claims" as the record will bear out.

Plaintiff in its proposed order has misstated the facts and asked the court to include erroneous findings. The order signed March 13, 2014 merely granted a permanent injunction without any further specific detail which makes the order void for failure to meet the requirements of TRCP 683 as pointed out to the court in the hearing on the Motion to Clarify. A copy of the record of the March 4, 2014, hearing is attached to show the order pronounced from the bench was not for a permanent injunction but rather the injunction is extended. It would be an error for the order of dismissal to have a finding that the March 13, 2014, order was a final judgment. It would be inappropriate for the court to make findings as to the effect of the March 13, 2014 order as to timetables since there has been no trial on the merits in this case.

Plaintiff's Motion to Dismiss Texas Civil Practice & Remedies Code § 12.02 Remedy and Claim for Tortious Interference, though not considered by the court, must be addressed to expose the attempt by Plaintiff to mislead the court by stating patently false facts and facts which are not in evidence. The judgment of the 35th Judicial District Court in Cause No. CV0904121 was not reversed by the Eastland Court of Appeals as shown by the Mandate affirming the judgment as modified and attached as an exhibit to Defendant's Motion to Dismiss for Lack of Jurisdiction and hereto.

# Exhibit 3

The $19,000.00 payment of the judgment was not deposited into the escrow account of Robert Reich and no court has ordered the funds to be returned to Plaintiff as alleged, which are facts, outside the record, well known to William Ruth and Frederick Hoelke as attorney for Plaintiff.

As stated earlier the order of March 13, 2014 does not restrain Defendant, John Green, from executing on its abstract of judgment or any other act and could not have been based on a non-existent reversal of the underlying judgment. All of these assertions are a clear violation of the Texas Rule of Civil Procedure Rule 13.

The ultimate question presented in this suit was the validity of the Mechanic's and Material Lien and the abstract of the final judgment in Cause No. CV0904121 in the 35th District Court which are filed in the Real Property Records of Brown County, Texas. This ultimate issue was not resolved by a trial on the merits and the court has accepted Plaintiff's non-suit as to all claims, including the challenge to the validity of the encumbrances on the 1.816 acre tract of land in the Taylor Smith Survey 600, Abstract No. 821, City of Brownwood, Brown County, Texas, made the subject of this suit.

Defendant, John Green, submits the enclosed order of non-suit for entry by the court, a copy of which has been given to Plaintiff's counsel along with this letter.

I would welcome a telephone conference between the Court and Fred Hoelke and myself if the Court desires to discuss the order.

Yours truly,

Robert E. Reich

RER/jm

cc:   Fred Hoelke
      *Via Fax (210)444-0996*

NO.    D-1-GN-14-000373

| | | |
|---|---|---|
| MEMORIAL PARK MEDICAL CENTER, INC., Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 126th JUDICIAL DISTRICT |
| | § | |
| JOHN GREEN, Defendant | § | OF TRAVIS COUNTY, TEXAS |
| | § | |

## ORDER FOR NON-SUIT

The Court considered the announcement for Non-Suit and Dismissal of all Claims made in open court by Plaintiff, **MEMORIAL PARK MEDICAL CENTER, INC.** and finds that the Non-Suit should be **GRANTED.**

**IT IS THEREFORE ORDERED** that the Motion for Non-Suit as to all claims, including the challenge to the validity of the Mechanic and Materialmen's Lien and Abstract of Judgment filed in Brown County, Texas, as they relate to that 1.816 acre tract of land in the Taylor Smith Survey No. 600, Abstract No. 821, City of Brownwood, Brown County, Texas, is **GRANTED.** The above-numbered and styled cause of action is dismissed (with/without) prejudice to the rights of either party.

Signed on: _____.

_____
JUDGE PRESIDING

APPROVED AS TO FORM

_____
Frederick Hoelke
Attorney for Plaintiff

_____
Robert E. Reich
Attorney for Defendant

## 11th Court of Appeals Mandate

THE STATE OF TEXAS

To THE 35TH DISTRICT COURT OF BROWN COUNTY, GREETINGS:

BEFORE our Court of Appeals for the Eleventh District of Texas, on June 27, 2013 and July 25, 2013, the cause upon appeal to revise or reverse your judgment between

Memorial Park Medical Center, Inc.

11th Court of Appeals No. 11-11-00159-CV and
35th District Court Case No. CV0904121

John Green

was determined; and therein our said Court made its order in these words:

*"John Green has filed a remittitur in compliance with this court's opinion dated June 27, 2013. In accordance with this court's opinion, we modify the trial court's judgment to reduce the award of damages for work performed by $700, making the amount of damages due to Green for work performed equal $9,020. As modified, the judgment of the trial court is affirmed. The costs incurred by reason of this appeal are taxed against Memorial Park Medical Center, Inc."*

WHEREFORE WE COMMAND YOU To observe the order of our said Court of

Appeals for the Eleventh District of Texas, in this behalf, and in all things to have it duly

recognized, obeyed and executed.



WITNESS, the HON. JIM R. WRIGHT, Chief Justice of our said Court, with the seal thereof annexed at the City of Eastland, on January 3, 2014.

*Sherry Williamson*

SHERRY WILLIAMSON, CLERK

By: Cheryl Busk, Deputy

EXHIBIT "C"

MAR-18-2014  10:59                                                           P.002/002

CAUSE NO. D-1-GN-14-000373

MEMORIAL PARK MEDICAL CENTER, INC §          IN THE DISTRICT COURT
                                            §
                                            §
VS.                                         §          126TH JUDICIAL COURT
                                            §
JOHN GREEN                                  §          TRAVIS COUNTY, TEXAS

ORDER

On the 4th day of March, 2014, came to be considered Plaintiff's motion for permanent injunction and Defendant's motions to dismiss for lack of jurisdiction, request for sanctions, transfer of venue, and motion for reconsideration. The court after hearing arguments of counsel and considering the pleadings and the evidence was of the opinion that Plaintiff's motion for permanent injunction should be granted, and denied Defendant's motions.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DESCRIBED that Plaintiff's motion for permanent injunction be granted, accordingly, and Defendant's motions be denied.

SIGNED this 13th day of March, 2014.

_____
JUDGE PRESIDING

TOTAL P.002

*eFiled 7-17-14*

## NO. D-1-GN-14-000373

| | | |
|---|---|---|
| MEMORIAL PARK MEDICAL CENTER, INC. | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| V. | § § | 126TH JUDICIAL DISTRICT |
| JOHN GREEN | § | |
| Defendant. | § | OF TRAVIS COUNTY, TEXAS |

## DEFENDANT'S MOTION TO CLARIFY ORDERS OR DEFENDANT'S MOTION FOR JUDGMENT NUNC PRO TUNC

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, John Green, Movant herein, and brings this Motion to Clarify Orders or Motion for Judgment Nunc Pro Tunc. In support hereof, Movant shows the following:

### I.

On February 18, 2014 Plaintiff's Motion for a Temporary Injunction and Defendant's Motion to Dismiss for Lack of Jurisdiction and Motion for Sanctions for the Signing and Filing of Frivolous and Groundless Pleadings were heard by Judge Orlinda L. Naranjo, 419th District Judge. The Court announced its decision to grant Plaintiff's Motion for Temporary Injunction and denied Defendant's motions. Upon Defendant's oral motion for the Court to take the motions under advisement and reconsider before ruling, the Court extended the Temporary Restraining Order for two weeks and set the matter for hearing March 4, 2014, as shown by the letter and order prepared and submitted by Trent Hightower, Staff Attorney to Judge Orlinda L. Naranjo, attached as Exhibit "1", which contained the following provision, the case is set for hearing on a "Temporary Injunction, effective until final hearing in the cause".

On March 4, 2014 the motions were presented to Judge Charles Ramsey. As shown by

the record prepared by Carissa Crocker attached as Exhibit "2" Mr. Ruth represented to Judge Ramsey that the relief sought was to extend the injunction and stated on page 6 l. 11-13 that Memorial Park "was only trying to hold the money in council's escrow account until we can have the matter litigated". The court pronounced its ruling "the injunction is extended" and made the docket sheet entry "order extending Temporary Restraining Order granted" as shown on the attached Exhibit "3".

Memorial Park acting through its attorney, William Ruth or his staff, made a clerical error in preparing an order that granted a permanent injunction without detail and obtained Judge Ramsey's signature on the order on March 15, 2014. The proposed order was not submitted to opposing counsel in violation of the Local Rules of Travis County. The order contained an obvious clerical error in that contrary to the Court's ruling the relief purportedly granted permanently enjoined Defendant from enforcing a Writ of Execution on a valid Mechanic and Materialman's Lien filed against real property in Brown County, Texas without first conducting a trial on the merits and somehow invalidating the Mechanic and Materialman's Lien as Memorial Park had prayed for in its petition.

The action of the parties clearly established their knowledge and appreciation of the fact that only a temporary injunction had been granted in that Memorial Park filed an amended petition on April 14, 2014 Defendant filed a Motion for Summary Judgment on July 16, 2014 which are filed of record and are incorporated herein as if set out verbatim.

Contrary to the Local Rules of Travis County shown as Exhibit "4", Mr. Ruth did not comply with the mandatory requirement and filed three documents in hard copy format and did not file the documents electronically shown by the District Clerk letter of August 29, 2014 attached as Exhibit "5".

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will GRANT this request and will enter an order authorizing the clerk to enter, on the minutes of this Court a court order granting a Temporary Injunction or, a Judgment Nunc Pro Tunc, and that the record of the Court be corrected as set forth herein, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,
ROBERT E. REICH
Attorney at Law
309 N. Fisk
Brownwood, Texas 76801
Tel. (325) 643-1569
Fax. (325) 643-3105

_____
Robert E. Reich
Texas Bar No. 16741300
Attorney for Defendant, John Green

## NOTICE OF HEARING

The above and foregoing Defendant's Motion to Clarify Orders or Defendant's Motion for Judgment Nunc Pro Tunc is set for hearing on October 9, 2014 at 2:00 p.m., before Judge Charles Ramsey.

_____
Robert E. Reich

## CERTIFICATE OF SERVICE

I certify that on September 18, 2014, a true and correct copy of Defendant's Motion for Judgment Nunc Pro Tunc was served by mail on Bill Ruth at 1406 E. Main, Suite 200, Fredericksburg Texas.

_____
Robert E. Reich



**ORLINDA NARANJO**
Judge
(512) 854-4023

**DIANA CAPUCHINO**
Court Operations Officer
(512) 854-4023

**TRENT HIGHTOWER**
Staff Attorney
(512) 854-4029

**DORA CANIZALES**
Official Court Reporter
(512) 854-9329

# 419TH DISTRICT COURT

HEMAN MARION SWEATT TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767
FAX: (512) 854-2224

February 24, 2014

Filed in The District Court
of Travis County, Texas

STEPHANIE WILLIAMS
Court Clerk
(512) 854-5854

FEB 24 2014

At _____ M.
Amalia Rodriguez-Mendoza, Clerk

*Via Facsimile (325) 641-0527*
William W. Ruth
Attorney for Plaintiff
Two Creekwood
Brownwood, Texas, 76801

*Via Facsimile (325) 643-3105*
Robert E. Reich
Attorney for Defendant
309 North Fisk
Brownwood, Texas, 76801

Re:    Cause No. D-1-GN-14-000373; Memorial Park Medical Center, Inc., v. John Green, In the 126th Judicial District Court, Travis County, Texas

Dear Counsel:

The Order prepared by Mr. Ruth did not conform to the Court's rulings at the hearing conducted in the above-referenced matter on February 18, 2014. Enclosed is an Order Extending Temporary Restraining Order that reflects the ruling of the Court. The Order has been stamped and filed with the District Clerk's Office.

If you have any questions regarding this matter, please contact our Court Operations Officer, Diana Capuchino, at (512) 854-4023.

Sincerely,

Trent Hightower
Staff Attorney to Judge Orlinda L. Naranjo
419th District Court, Travis County

Enclosures (1)
xc: Ms. Amalia Rodriguez-Mendoza. District Clerk

**EXHIBIT**

**1**

Notice sent: Final   Interlocutory   None    cc    BK14057 PG258

Disp Parties:

Disp code: CVD / CLS

Redact pgs:

Judge: OLN    Clerk: VM    CAUSE NO. D-1-GN-14-000373

| | | |
|---|---|---|
| MEMORIAL PARK MEDICAL CENTER, INC. | § § § | IN THE DISTRICT COURT |
| VS. | § § | 126th JUDICIAL DISTRICT |
| JOHN GREEN | § | TRAVIS COUNTY, TEXAS |

Unofficial copy – Travis Co. District Clerk Amalia Rodriguez-Mendoza

Filed in The District Court of Travis County, Texas
FEB 24 2014 4:28 P.M.
At _____
Amalia Rodriguez-Mendoza, Clerk

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

On February 18, 2014, Memorial Park Medical Center, Inc.'s (hereafter "Plaintiff's") Motion for Temporary Injunction came to be heard, and after reading the motion, hearing the arguments presented by counsel, and considering the same, the Court, *sua sponte*, GRANTS an extension of the Temporary Restraining Order issued on February 7, 2014, to enable service on Defendant John Green.

IT IS FURTHER ORDERED that attorney Robert Reich continue to obey all provisions of the Temporary Restraining Order issued on February 7, 2014, until further Order of the Court.

The parties and their agents are further ordered to appear before this court on March 4, 2014, at 2:00 p.m., to show cause why a temporary injunction, effective until final judgment in the cause should not be granted as prayed for.

The Bond in the amount of $250 ordered in the initial Temporary Restraining Order remains in effect.

SIGNED on this the ___24___ day of February, 2014.

JUDGE ORLINDA L. NARANJO
419TH DISTRICT COURT

1

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. D-1-GN-14-000373

| | |
|---|---|
| MEMORIAL PARK MEDICAL CENTER, INC., | ) IN THE DISTRICT COURT |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) 126th JUDICIAL DISTRICT |
| VS. | ) |
| | ) |
| | ) |
| JOHN GREEN, | ) |
| | ) |
| Defendant. | ) TRAVIS COUNTY, TEXAS |

-------------------------------

MOTION TO DISMISS FOR LACK OF JURISDICTION, REQUEST FOR

SANCTIONS TO TRANSFER OF VENUE, MOTION TO RECONSIDER

-------------------------------

On the 4th day of March, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Judge Charles Ramsey, Judge presiding, held in Austin, Travis, Texas;

Proceedings reported by machine shorthand.

**EXHIBIT**

2

2

A P P E A R A N C E S

FOR THE PLAINTIFF:

   Mr. William Ruth
   SBOT: #00788334
   ATTORNEY AT LAW
   1406 East Main Street
   Suite 200
   Fredericksburg, Texas   78624
   Phone:(325) 642-9802


FOR THE DEFENDANT:

   Mr. Robert Reich
   SBOT: #16741300
   HAYNES LAW FIRM P.C.
   309 North Fisk
   Brownwood, Texas   76801
   Phone:(325) 643-1569
   Fax:(325) 643-3105

3

(Proceedings at 3:32 p.m.)

MR. RUTH: Your Honor, this is -- we have a request to extend the injunction and according to the prior court, they have already denied the motion for jurisdiction -- dismiss for jurisdiction and they have already denied motion to transfer venue.

THE COURT: You've already had a motion to transfer?

MR. REICH: No, Your Honor, I have just now filed it. It has not been ruled on.

MR. RUTH: But the Court indicated this when we came over here that she has already ruled on those issues.

THE COURT: That's his pleadings in issue, and you have not filed a motion to transfer, this is the first time?

MR. REICH: Yes -- no, I filed a plea of jurisdiction.

THE COURT: And that was denied?

MR. RUTH: Yes, Your Honor, that's what the Court just said before we came over here. Because she had asked the question, she said she denied all the motions. And the only motion we have before you, Your Honor, is the motion to extend the injunction hearing.

MR. REICH: Your Honor, I would ask the Court to reconsider. That's the appropriate motion to transfer,

4

otherwise it would be a matter of mandamus to --

THE COURT: That's what you are going to have to do.

MR. REICH: Well, the Court could reconsider. Please, read my motion, Your Honor --

THE COURT: All right.

MR. REICH: -- please.

THE COURT: And you said the motion to transfer has already been heard?

MR. RUTH: Yes -- or she said that she denied all motions before her is what she had indicated. And she said that the only issue before the Court was to extend the injunction. That was -- that was her exact words.

MR. REICH: Your Honor, it was late in the day last week on, I believe, Thursday. And we only -- the Court had allotted us 15 minutes. We had requested 45 and in fairness to the judge, I don't think she had opportunity to consider the -- the facts before her.

(Indicating.)

THE COURT: Do you have copy of this?

MR. RUTH: No, Your Honor, this is the first I heard, and I wasn't prepared for this, because the Court had already ruled. And she said the only thing that we would be having before her would be the injunction hearing to extend the injunction.

5

MR. REICH:  A copy was e-mailed to his office two days ago, Your Honor.

MR. RUTH:  I have not received a copy of it, Your Honor.  That's the first I even knew about it.

THE COURT:  And who is requesting the extension of the injunction?

MR. RUTH:  Memorial Park Medical Center.

THE COURT:  What do you have on that?

MR. RUTH:  Your Honor, the Court at the last hearing had indicated that she wanted to show cause as to why she should not continue the injunction.  And she had requested that we just serve Mr. Green at his last known address, and, Your Honor, we -- we did exactly as the Court said.  We -- we employed Assured Civil Process serving here in Austin, which is one of the leading process servers, and they have provided an affidavit.  If you would, I would approach the bench?

THE COURT:  Okay.

MR. REICH:  We are going to object to it as being hearsay, Your Honor, no response from the witness.

MR. RUTH:  And my understanding is that they filed that directly with the court when they attempted to serve the defendants.

THE COURT:  Anything further?

MR. RUTH:  Just, Your Honor, the fact that that we have complied with the court order on getting processed

6

attempted on Mr. Green, and that we did exactly as the Court ordered in order to extend the injunction. And -- and that they did exactly as the Court had stated and my understanding is that they filed with the court their attempts to have Mr. Green served. And if we need to serve him any further, Your Honor, under 120 (a), the counsel is representing Mr. Green and, you know, I think he waived service on the fact that he is here to represent Mr. Green under 120 (a).

And so, Your Honor, the fact that we've attempted to serve Mr. Green. Counsel is here to represent Mr. Green. We're -- we're only trying to hold this money in counsel's escrow account until we can have this matter litigated.

I believe the temporary restraining order has been thoroughly looked at. We've had the Court grant our motions to dismiss opposing counsel's motions, and -- and the only matter before the Court is just to extend the injunction. And that's all we are asking for, Your Honor, is to extend this injunction until Mr. Green can be served or through a posting or -- or have that adequately indicate to the Court that we followed the Court's order in trying to get him served through a proper -- a means of a process server here in this town.

THE COURT: All right.

MR. REICH: Your Honor, we filed a plea of jurisdiction that this is not the proper court to hear this

7

case. It's a matter of venue, and -- and I am going to ask -- we are not waiving service. We are not conceding that this court has jurisdiction to hear this matter. It is an in rem proceeding. To clear -- if I have a real property in Brown County, Texas, it is mandatory that it be heard in Brown County. We are not pleading --

MR. RUTH: Objection, Your Honor, these matters have already been argued last week, and -- and we have already -- and the ruling has already been made by the Court concerning all these arguments he is making now.

THE COURT: He filed a motion to reconsider. I will let him --

MR. RUTH: Okay.

THE COURT: -- give his reply.

MR. REICH: Your Honor, very clearly his petition states this is the clear title to land in Brown County, Texas. Under Rule -- Civil Practice and Remedies Code 15.011, it is mandatory that it be heard in that county. It's an in rem proceeding. That's -- that's -- I don't say it's elementary, but certainly it's a mandatory provision.

And an identical suit was filed in Brown County on January 29th, Your Honor. The -- Stephen Ellis, Judge Stephen Ellis, the 35th District Court, denied this identical motion, a request for application for temporary restraining order. The Court denied it --

8

MR. RUTH: Objection, Your Honor, this is mischaracterization and disingenuous. And, again, Your Honor, I've -- this -- these entire arguments were made before the Court before and they have been -- they have already been ruled upon, and I just don't appreciate the disingenuity in -- in the arguments he is making, because these are the same arguments that were made before the Court previously and his motion was clearly denied and it's just ingenious to state that this is the same matter.

This is to hold money to -- to in the escrow account. It's not to clear up title, and if there is anything -- any wording to that effect that will be corrected if that's the case, but this case is about -- about holding some funds and that's all it's about.

MR. REICH: Your Honor, his petition says it's to clear title and it had -- it's Exhibit A to his petition is the mechanics and materials lien on property in Brown County, Texas. For him to say it's anything other than a clear title. His petition belies that and the Court has to rely on his pleadings.

And the exhibit's there, Your Honor, you -- his petition is attached to his exhibits, my motion to transfer a venue. I believe, if you will look at his petition which is...

THE COURT: But you agree that it's already been ruled on and you're asking a request that I reconsider -- file

9

a motion to reconsider?  Is that what you are doing?

MR. REICH:  Yes, Your Honor, and the fact that I do not think the Court understood the -- the true facts that day.

THE COURT:  You better go tell the Court that. The motion to reconsider is denied, and the injunction is extended.

MR. RUTH:  Thank you, Your Honor.

THE COURT:  Okay.  You need to prepare and order and submit it.

MR. RUTH:  Yes, I will.  Thank you, Your Honor.

THE COURT:  Court is in recess.

(End of proceedings at 3:42 p.m.)

10

REPORTER'S CERTIFICATE

THE STATE OF TEXAS  )
COUNTY OF TRAVIS    )

I, Carissa Crocker, Official Court Reporter in and for the 250th District Court of Travis County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $60.00 and was paid by Mr. Robert E. Reich.

WITNESS MY OFFICIAL HAND this the 8th day of September, 2014.

/s/ Carissa Crocker
Carissa Crocker, Texas CSR 8808
Expiration Date:  12/31/14
Deputy Court Reporter
250th District Court
Travis County, Texas
4404 East Oltorf
Unit 5104
Austin, Texas  78741
Phone:  (214)326-3414

**Judges Notes**
**Cause #D-1-GN-14-000373**
**MEMORIAL PARK MEDICAL CENTER INC vs. GREEN JOHN**

| Date Entered | Notes | Note Type | Date Last Edited | Last Edited By |
|---|---|---|---|---|
| 3/4/2014 | Atty Ruth for Pltf. Atty Reich for Deft. Defendant's motion to reconsider denied. Order extending TRO granted. Mr. Ruth to submit order. Record taken by visiting court reporter Carissa Crocker. CR/sr | Docket Sheet Entry | 3/4/2014 | RosenS |
| 9/2/2014 | Ruth appeared for Pltf and Reich appeared for Deft on Deft's MSJ. Record made. Ct did not reach MSJ because the parties dispute the finality of Judge Ramsey's order from 3/4/14 hearing. Upon reading the docket notes and the TRO that sets the TI hearing on 3/4/14, this Ct is of the impression that the order was a TI and not a permanent injunction. However, since the order singed states that a permanent injunction is granted and the docket notes made state a TRO extended, the Ct ordered the parties to obtain a transcript from the 3/4/14 hearing and set the matter before Judge Ramsey. If Judge Ramsey is not available, the matter can be set on the central docket after the parties obtain the transcript. GDT | Docket Sheet Entry | 9/2/2014 | TRIANAG |
| 9/4/2014 | Called both attorneys and left message for Mr. Ruth that Judge Ramsey is currently scheduled to sit in Travis County during the week of Oct. 6-10, and that Lorraine would be the person they need to schedule a hearing on motion for clarification for his order from March 2014. Called Mr. Reich's office and talked to his assistant to convey the same information, explaining that they need to confirm a time with Judge Ramsey through Lorraine, but also actually get it set with the Court Administrator's office. They were instructed to consult with the Court Reporter from March 2014 to determine if she can provide the transcript by whatever date is set with Ramsey. | Docket Sheet Entry | 9/4/2014 | ParsonJ |

**EXHIBIT**

**3**



Filed In The District Court
of Travis County, Texas

FEB 18 2015

At_____//⁰⁰ₐ·M.
Velva L. Price, District Clerk

# 353RD DISTRICT COURT

**TIM SULAK**
Judge
(512) 854-9380

**MEGAN HONEY JOHNSON**
Staff Attorney
(512) 854-4281

**PAMELA SEGER**
Court Operations Officer
(512) 854-9179

HEMAN MARION SWEATT TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767
FAX (512) 854-9332

**RHONDA WATSON**
Official Court Reporter
(512) 854-9356

**ELIZABETH GARCIA**
Court Clerk
(512) 854-5852

February 18, 2015

_VIA E-MAIL_

Mr. Fred Hoelke
_fredhoelke@aol.com_

Mr. Robert E. Reich
_rereich@harrisbb.com_

Re:     Cause No. D-1-GN-14-000373; _Memorial Park Medical Center, Inc. v. John Green;_ in the 126th Judicial District Court, Travis County, Texas

Dear Counsel:

I am in receipt of Mr. Reich's letter of February 5, 2015 requesting clarification or amendment of the February 3, 2015 Order of Dismissal.

Upon review, I regret my ability to take further action in this case at this time. It appears that perhaps further legal research by, or direct communication between, counsel could resolve any confusion or uncertainty regarding the effects of the various orders and the parties' future actions.

I trust that your responsibilities to your clients, the court, and each other will allow you to finally conclude this dispute fairly and in compliance with the requirements of the Rules of Professional Conduct and the Lawyer's Creed.

Sincerely,

Tim Sulak

orig: Ms. Velva Price, District Clerk

# Exhibit 4

# NO. 03-15-00141-CV

## IN THE THIRD COURT OF APPEALS
### AUSTIN, TEXAS

## JOHN GREEN,
*Appellant*

## V.

## MEMORIAL PARK MEDICAL CENTER, INC.
*Appellee*

## AFFIDAVIT OF FREDERICK F. HOELKE

| | |
|---|---|
| STATE OF TEXAS | § |
| | §KNOW ALL BY THESE PRESENTS |
| COUNTY OF BEXAR | § |

Before me, the undersigned authority, personally appeared Frederick F. Hoelke, who being by me duly sworn, deposed as follows:

1.  My name is Frederick F. Hoelke, I am counsel for Memorial Park Medical Center, Inc. in all capacities in the 126th District Court of Travis County Texas in Cause No. D-1-GN-14-000374, styled Memorial Park Medical Center, Inc. v. John Green.

2.    I am of sound mind, capable of making this affidavit, all of which are true correct, and within my personal knowledge.

3.    I am a custodian of records of the Law Offices of Frederick F. Hoelke.  Attached to Appellee's Motion to Dismiss for Lack of Jurisdiction as Exhibits 1-4 are 24 pages of records from the Law Office of Frederick F. Hoelke reflecting the following  documents filed of record in the trial court cause:

   a.    Exhibit 1.   March 13th 2014 Final Judgment;
   b.    Exhibit 2.   October 30th 2014 Order Denying Motion for Judgment Nunc Pro Tunc.
   c.    Exhibit 3.   February 3, 2015 Letter from Reich counsel for Appellant Requesting Court Clarifying Order of Dismissal;
   d.    Exhibit 4.   February 18, 2015, Letter from Trial Court in Response to counsel for Appellant.

4.    These 24 pages of records are kept by the Law Offices of Frederick F. Hoelke in the regular course of business, and it was the regular course of business  of the Law Offices of Frederick F. Hoelke for an employee or representative of the Law Offices of Frederick F. Hoelke  with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at

or near the time or reasonably soon thereafter. The records

attached hereto are the original or exact duplicates of the originals

FURTHER AFFIANT SAYETH NOT.



_____
Frederick F. Hoelke

SUBSCRIBED AND SWORN TO BEFORE ME by Frederick F. Hoelke on
this the 24th day of March 2015

_____
Notary Public State of Texas My Commission
Expires_____

LINDA J. KILLIAN
Notary Public, State of Texas
My Commission Expires
December 26, 2016

*Affidavit of Frederick F. Hoelke*                                    3

LINDA J. KILLIAN
Notary Public, State of Texas
My Commission Expires
December 25, 2016